# SUPREME COURT

AT THE

## JUNE TERM, 1894.

PRESENT:

Hon. WILLIAM Y. PEMBERTON, Chief Justice.
Hon. EDGAR N. HARWOOD, ⎱ Associate Justices.
Hon. WILLIAM H. DE WITT, ⎰

## SOYER ET AL., APPELLANTS, v. GREAT FALLS WATER COMPANY, RESPONDENT.

[Submitted September 18, 1894. Decided September 24, 1894.]

NEGLIGENCE—*Death by wrongful act—Evidence.*—In an action for damages for decedent's death, occasioned by the caving in of a ditch in which he was working as a laborer, proof of the character of the ground through which the ditch ran, and the defendant's means of knowledge thereof, is admissible upon the question of defendant's negligence in failing to provide supports for the walls of the ditch.

SAME—*Same—Age of decedent.*—In an action by decedent's wife and children for damages for his death the age of the decedent at the time of the accident may be properly proved as affecting the measure of damages.

SAME—*Same—Measure of damages.*—The measure of damages, in an action by decedent's wife and children for his death, is the amount which he would probably have earned during his life for their benefit, taking into consideration his age, ability, disposition to work, and habits cf living.

SAME—*Same—Proof of marriage.*—In an action by a wife for the death of her husband a *prima facie* marriage between them is established by evidence of

persons who had known plaintiff and decedent from infancy, who were present when their marriage was announced, and who knew that they had always lived together as man and wife and acknowledged that relation.

Nonsuit.—On motion for a nonsuit that which the evidence tends to prove will be regarded as proved.

*Appeal from Eighth Judicial District, Cascade County.*

Action for damages for death by wrongful act. Judgment was entered for defendant on nonsuit by Benton, J. Reversed.

*James Donovan,* for Appellants.

Plaintiffs were as much entitled to show the condition of the ditch as to show that Soyer was killed in the ditch. (Comp. Stats., div. 5, § 642, subd. 1.) All the acts and declarations of deceased touching birth of children and his marriage were admissible, and were the best evidence of the fact. (Comp. Stats., § 642, subd. 4, p. 227.) " Cohabitation and public recognition of each other as man and wife is *prima facie* evidence of marriage." (*Letters* v. *Cady,* 10 Cal. 533; *People* v. *Anderson,* 26 Cal. 130.) " Marriage may be proved in civil cases by reputation, declarations, and conduct of the parties, and other circumstances accompanying that relation." (2 Greenleaf on Evidence, § 461; *Kansas Pacific Ry. Co.* v. *Miller,* 2 Col. 442.) The court erred in refusing to permit plaintiffs to show the age of Joseph Soyer at death. (Comp. Stats., § 982, p. 912.) "And in every such action the jury may. give such damages, not exceeding twenty thousand dollars, as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death to the wife and next of kin of such deceased person. The pecuniary loss the wife sustains by the death of husband, and which a minor child sustains by the death of a father, necessarily includes the loss of support which deceased owed them respectively." (Tiffany on Death by Wrongful Act, § 158; *Illinois Cent. R. R. Co.* v. *Weldon,* 52 Ill. 290; *Chicago etc. R. R. Co.* v. *Austin,* 69 Ill. 426; *Chicago etc. R. R. Co.* v. *May,* 108 Ill. 288.) The measure of damages is the amount which the deceased would probably have earned during his life for their benefit, taking into consideration his age, ability, and disposition to work, and his habits of living

and expenditures. (*Pennsylvania Tel. Co.* v. *Varnau* (Pa., Oct. 1, 1888) 15 Atl. Rep. 624; *Hudson* v. *Hauser*, 123 Ind. 309; *Schaub* v. *Hannibal etc. R. R. Co.*, 106 Mo. 74; *Hogue* v. *Chicago etc. R. R. Co.*, 32 Fed. Rep. 365; *Pool* v. *Southern Pacific R. R. Co.*, 7 Utah, 303; *Wells* v. *Denver etc. Ry. Co.*, 7 Utah, 482.) From the above it will be seen that it is essential that the age of Soyer at death should be known by the jury in estimating the damages. "To the above may of course be added, as in other cases, the amount which he would probably have accumulated and what they might reasonably have expected to inherit." (*Lake Erie etc. R. R. Co.* v. *Mugg*, 132 Ind. 168; *Castello* v. *Landwehr*, 28 Wis. 522; *Lawson* v. *Chicago etc. Ry. Co.*, 64 Wis. 447; 54 Am. Rep. 634.)

*Leslie & Downing*, for Respondent.

Pemberton, C. J.—This is an action for damages for personal injuries, instituted in the court below by the plaintiffs, who are the widow and minor children of Joseph Soyer, deceased.

The complaint alleges that the defendant, a corporation, was on the thirtieth day of October, 1891, the owner of and engaged in the construction of certain water mains in the city of Great Falls; that the said Joseph Soyer was employed by said company as a common day laborer in excavating and constructing the water mains and ditches of said company; that on account of the character of the ground through and in which said water mains and ditches were being constructed it was the duty of said company to prop or crib said ditches with timbers, to prevent the same from caving in on the said Soyer, who was engaged in digging in and constructing the same; that said Soyer was wholly ignorant of the character and condition of the ground; that said company knew the character and condition thereof, or could have known the same by the exercise of due care and prudence; that said company was guilty of negligence in not properly cribbing and supporting said ditches with timbers to prevent the same from caving; that by reason of such negligence on the part of said company the said ditch caved, and the side thereof fell upon and killed the said Soyer; that said Soyer was without fault or negli-

gence in the premises; that said plaintiffs were wholly dependent upon said Soyer for support, education, etc., he being the husband of plaintiff Helena Soyer, and the father of the other plaintiffs, who are minors. The complaint asks for damages in the sum of ten thousand dollars. The answer denies all the material allegations of the complaint.

At the conclusion of plaintiffs' testimony defendant moved the court for a nonsuit, upon the principal ground, seemingly, that "the evidence fails to show that there was at any time during the prosecution of said work any necessity for propping up or bracing the walls of said ditch." The court sustained this motion, and entered judgment in favor of defendant for costs, and from this judgment this appeal is prosecuted.

It appears from the record that said ditch, in which Soyer was working for the company, did cave upon and kill him, as alleged in the complaint. The plaintiffs sought to show that the character and condition of the soil or ground through which the ditch was being run were such that the cave occurred because the sides and walls thereof were not propped or braced, as alleged in the complaint. The court refused to permit them to prove that the walls were not propped or braced until they had first shown the necessity therefor. This action of the court is assigned as error. How could plaintiffs better show the apparent necessity for propping and bracing the ditch than by showing that it caved without such support? It was competent to show the character and condition of the soil or ground through which the ditch ran, in order that the court or jury might determine whether propping and bracing were necessary to the safety of the persons working therein, and to determine whether the company was guilty of negligence in failing to prop and brace the same, as alleged in the complaint.

We think it was competent to show fully the condition and character of the ground through which the ditch ran; the knowledge of the company, or the means of knowledge of the company, of these conditions and character of the ground; and its failure to prop and brace the ditch, if it was necessary so to do—in order to determine whether or not the company was guilty of negligence, as alleged in the complaint. We think the action of the court in this regard was clearly error.

The court refused to permit the plaintiffs to prove the age of Soyer at the time of his death.   Upon the age of the deceased largely depended the question of the measure of damages in this case.   "The measure of damages is the amount which the deceased would probably have earned during his life for their [plaintiffs'] benefit, taking into consideration his age, ability, and disposition to work, and his habits of living, and expenditures."   (*Pennsylvania Tel. Co.* v. *Varnau* (Pa., Oct. 1, 1888), 15 Atl. Rep. 624; *Schaub* v. *Hannibal etc. R. R. Co.,* 106 Mo. 74; *Castello* v. *Landwehr,* 28 Wis. 522.)   This holding of the court was manifestly error.

We think the court also erred in excluding the evidence of plaintiffs offered to show that the deceased was the husband of plaintiff Helena Soyer, and the father of the other plaintiffs, as alleged in the complaint.   The evidence of persons who had known deceased and Helena Soyer from their infancy, and had known their children from their birth, who were present in church when their marriage was announced, who knew that they lived and cohabited together as man and wife, that they always treated and acted towards each other as man and wife, who always declared and acknowledged that relation to exist between them, and who acknowledged and treated their children as parents usually do their offspring, certainly tends, in our opinion, to establish these relations.   This evidence was sufficient at least to establish a *prima facie* case upon the question as to the relation deceased sustained to the plaintiffs in his lifetime.   (See Code Civ. Proc., § 642, subd. 4.)

In determining the question of nonsuit for want of evidence to support the allegations of the complaint and authorize a recovery the law regards the issues proved which the evidence tends to prove.   The evidence offered by plaintiffs and excluded by the court in this case clearly tended to prove the issues tendered in the complaint, and should have been admitted.

There are assignments of error in the record of less importance than these already noted, but we do not consider it necessary to treat them in detail.

The judgment appealed from will be reversed, and the cause remanded for new trial.

*Reversed.*

HARWOOD and DE WITT, JJ., concur.