MORSE, APPELLANT, v. COMMISSIONERS OF GRANITE
COUNTY, RESPONDENTS.

[Submitted March 31, 1897. Decided April 26, 1897.]

*County—Purchase from Commissioner—Effect of.*

Where the sale of goods by a county commissioner to the county, is declared to be void
under a statute, the title to the goods remains in the vendor; he may sell them, and
his vendee may resell them to the county and recover the reasonable value thereof.

*Appeal from District Court, Granite County.    Theodore
Brantley, Judge.*

CLAIM by John W. Morse against the board of county com-
missioners of Granite county.    Judgment of nonsuit.    Plaint-
iff appeals.    Reversed.

Statement of the case by the justice delivering the opinion.

It appears from the record in this case that the plaintiff,
John W. Morse, presented the claim sued on in this action,
and which is the subject of the litigation, to the county com-
missioners of Granite county, for allowance, which claim was
allowed by the commissioners of said county.    Thereafter
Wingfield L. Brown, a taxpayer of Granite county, appealed
from said allowance by the county commissioners to the dis-
trict court, under the statute allowing any taxpayer to appeal
from the action of the county commissioners in allowing a
claim to the district court.    The pleadings were oral.    Morse
claimed that he sold the goods and wares mentioned in the
claim in litigation to the county commissioners of Granite
county, and that they agreed to pay him the price named
therefor.

From the statement on appeal in this case it appears that all
of the items mentioned in the account in litigation were neces-
sary for the proper furnishing and supplying of the court-
house and offices for the county officers of said county; that

Morse was the owner of the goods claimed to have been sold to the commissioners, and had a right to sell the same to the county; and that the prices claimed therefor were the reasonable value thereof.    These allegations are not disputed; but it was claimed by Brown, who appealed from the allowance by the county commissioners, that the claim sued on in this case was and is identically the same claim which one G. B. Cain presented to the county commissioners of said county in 1893, and which was allowed to said Cain by the county commissioners, and from which allowance Brown appealed to the district court, and that on said appeal to the district court, it is alleged and claimed, the district court held and adjudicated that said allowance to Cain by the county commissioners of the said account was null and void, for the reason that said Cain was at the time a commissioner in and for said county of Granite, and that the contract of sale of the goods in dispute made by said Cain with the county was absolutely null and void.    It was also claimed by Brown that the property, when purchased by the county commissioners for the county from Morse, was then, and had been since the alleged purchase by the county from Cain, the property of the county, and that, therefore, Cain had no right to sell the property to Morse.

The allegations that the property was the property of the county, and that Cain had no right to sell it to Morse, are denied by Morse.

The case was tried to a jury, and, at the close of Morse's testimony, counsel representing Brown in the district court moved for a nonsuit, on the grounds that—First, ''it appears from the evidence that, during the year 1893, George B. Cain, commissioner, had sold to the county of Granite the identical property specified in the bill of John W. Morse, the claimant in this action, and had presented said bill for materials so furnished, which said bill, on appeal therefrom, duly presented on December 21, 1893, the above-entitled court pronounced an illegal and unjust claim against the county of Granite;'' second, ''that John W. Morse has failed to prove a valid, subsisting claim against said county.''

This motion for a nonsuit was sustained by the court, and judgment entered in favor of Brown for his costs. From this judgment, and an order denying a new trial, the appeal is taken.

*C. B. Nolan*, Attorney General, and *Rodgers & Rodgers*, for Appellant.

*W. L. Brown*, *R. B. Smith* and *R. L. Word*, for Respondent.

PEMBERTON, C. J.—Notwithstanding the record shows that the case has been litigated with a great deal of zeal, and discloses ill feeling between the parties that has no place in a trial in the courts, still, when we strip the record of its rubbish and immaterial questions and contentions, we think the real issue involved is a simple one, and easy of solution.

It is conceded that Morse sold the property to the county; that the property was necessary for furnishing the courthouse and offices of the county; that the prices charged and the sum allowed Morse by the county commissioners were reasonable; that the property sold was reasonably worth the sum agreed to be paid and allowed.

Brown's principal, if not the only, objection on his appeal from the allowance of Morse's account by the commissioners, was that Cain, from whom Morse bought the property, had sold the same property to the county, and had his claim therefor allowed, long before he sold the property to Morse, and that, on an appeal by Brown to the district court, Cain's claim had been held and adjudicated to be null and void and illegal, for the reason that, under the statute, Cain, who was at the time a county commissioner, could not contract with the county. (Compiled Statutes 1887, Fifth Division, § 1110.)

Now, without commenting on this statute, let us inquire what was the effect of the judgment of the district court in holding and adjudicating Cain's claims against the county for this property "illegal and void." Counsel for respondent say that, by such adjudication, the property became the property

of the county, and that thereafter Cain had no authority to sell it to Morse or any one else. The district court held the contract of sale of the property between Cain and the county to be void, because prohibited by statute. This left the title to the property still in Cain. The court did not and could not, by such adjudication, confiscate Cain's property. If, after such adjudication by the district court, the county kept possession of the property, and appropriated it to its use, it could not avoid paying the reasonable value thereof, because the contract by which it obtained it was *ultra vires*, illegal, and void. This question is fully discussed by this court in *State ex rel. etc.* v. *Dickerman*, 16 Mont. 278, 40 Pac. 698.

And besides the admissions and concessions shown by the record, and set out in the statement of the case, Morse and Cain both swear that the sale of the property in litigation was made in good faith, and for a valuable consideration. On a motion for non-suit, as this court has frequently said, whatever the evidence tends to prove will be regarded as proved. (*Soyer* v. *Water Co.*, 15 Mont. 1, 37 Pac. 838; *McKay* v. *Railway Co.*, 13 Mont. 15, 31 Pac. 999; *Creek* v. *McManus*, 13 Mont. 152, 32 Pac. 675; *Mayer* v. *Carothers*, 14 Mont. 274, 36 Pac. 182; *Jensen* v. *Barbour*, 15 Mont. 582, 39 Pac. 906.)

We think it cannot be disputed that Morse's evidence tended at least to prove his cause of action.

The judgment and order appealed from are reversed, and the cause remanded for new trial in accordance with the views herein expressed.

*Reversed and Remanded.*

HUNT and BUCK, JJ., concur.