Allen, J.
 

 It is conceded that the orders listed in the petition, signed in several instances by every member of the board of public affairs of the village of Woodsfield, were sent to the electrical company; that the supplies were furnished in accordance with the orders; that the village accepted each shipment of goods, and used the meters, without complaint. The controlling question in the case is whether plaintiff should be denied recovery because of the fact that bids were not advertised for and authority of council not received for entering into the contract, under the provisions of Section 4328 of the General Code. Under Sections 4357 to 4361 of the General Code, it is provided that the board of public affairs of a village shall have the same powers and perform the same duties as are possessed and exercised by the director of public service of a municipality. The powers of the director of public service are described in Section 4328, General Code, which reads as follows:
 

 
 *679
 
 “The director of public service may make any contract or purchase supplies or material or provide labor for any work under the supervision of that department not involving more than five hundred dollars. When an expenditure within the department, other than the compensation of persons employed therein, exceeds five hundred dollars, such expenditure shall first be authorized and directed by ordinance of council. When so authorized and directed, the director of public service shall make a written contract with the lowest and best bidder after advertisement for not less than two or more than four consecutive weeks in. a newspaper of general circulation within the city.”
 

 It is claimed on behalf of the company that each of the orders sent for the meters constituted an independent contract upon which an independent action could have been brought by the electrical company, and that as none of these separate orders amounted to $500, Section 4328 does not apply, and it was not necessary for the board of public affairs either to advertise for bids or to secure the authorization of council in order to make valid contracts with regard to each order. It is claimed, on the other hand, by the village, that the separate orders were issued by the members of the board of public affairs in an effort to circumvent the statutes of Ohio and to avoid the requirements of Section 4328, General Code, by splitting the order into five separate allotments, each amounting to less than $500; that the orders constituted one contract; and that the proceedings were hence illegal under Section 4328, General Code.
 

 
 *680
 
 Did the agreement and the subsequent orders and transactions between the parties, for the purposes of this suit, constitute one contract or separate contracts?
 

 The agreement between the village and the company provided that: “The company shall furnish said meters to the purchaser for a period of twelve months from date * * V’
 

 In paragraph 5 of the contract, the company agreed to pay the purchaser “rebates, if this total net purchases under this agreement have reached the amounts below, as follows: $1,000 to $2,500 — 2 per cent. $2,500 to $5,000 — 3 per cent. $5,000 or more — 4 per cent.”
 

 The petition alleges that, about the month of March, 1923, the electrical company “entered into an agreement with the defendant, at the instance and request of said board of public affairs, of said village, whereby it was to furnish for the period of one year, beginning March 28, 1923, and ending March 28, 1924, such reasonable amount of electrical supplies and furnishings in plaintiff’s line, as said defendant, through its board of public affairs, might require and order from plaintiff.”
 

 The petition then prays for judgment upon the agreement. This was necessary, for to state a good cause of action against a municipality in matters
 
 ex contractu
 
 the petition must declare upon a contract, agreement, obligation, or appropriation made or entered into according to statute. A petition on an account merely, in such case, is not sufficient.
 
 City of Wellston
 
 v.
 
 Morgan,
 
 65 Ohio St., 219, 62 N. E., 127. The petition states an action upon an account arising out of the agree
 
 *681
 
 ment, listing debits and credits and praying for judgment for the balance alleged to be due.
 

 Now the account declared upon in the petition set forth mutual credits founded upon a subsisting debt owed by each party, the electric company and the village. The account consisted of a series of transactions, of different dates, with items on both sides, arising out of the orders for the meters and the return of the junk meters with credits therefor. This series of transactions was based upon a course of dealing in which each party gave credit to the other in reliance on an understanding that upon settlement each side of the account would be allowed, so that one would reduce the other. In other words, it was a running and mutual account. 1 Ruling Case Law, 205, 206.
 

 The case of
 
 Courson’s Ex’rs.
 
 v.
 
 Courson,
 
 19 Ohio St., 454, is cited as authority for the proposition that the account in question here consisted of separate and independent transactions arising out of separate and independent contracts. The
 
 Courson case,
 
 however, presents a situation of a simple account instead of a mutual running account.
 

 The great weight of authority holds that where a mutual running account exists between parties a cause of action does not exist with reference to each item of the account, but only as to the balance that may be due to one or the other of the parties, and it exists in favor only of that party in whose favor the balance is due. 1 Ruling Case Law, 357.
 

 There is a presumption that all transactions between the same persons are part of the same account, and constitute one cause of action. 1 Ruling Case Law, 257, note 8;
 
 Gilbert
 
 v.
 
 Bd. of
 
 
 *682
 

 Education of City of Newton,
 
 45 Kan., 31, 25 P., 226, 23 Am. St. Rep., 700;
 
 Gaddis
 
 v.
 
 Williams,
 
 81 Okl., 289, 198 P., 483.
 

 An extensive note upon this subject, under
 
 Norton
 
 v.
 
 Larco,
 
 89 Am. Dec., 80-82, 84, 85, reviews this whole subject and shows that in the case of mutual accounts arising out of reciprocal demands, where the two sides of the account are linked together by an express or implied agreement constituting a mutual course of dealing, the rule with regard to simple accounts does not apply, and the balance due is considered to be one demand. In the case herein presented, certainly, the express agreement, as shown in the petition, was that there was to be a mutual course of dealing and that the account was to be permitted to run with a view to the. ultimate judgment and ascertainment of the final balance. The parties did not regard the different items of this mutual account as separate transactions. The agreement between the board of public affairs and the company was to cover a period of 12 months, the rebates to be given the purchaser were only to arise in case of total net purchases aggregating $1,000 at the smallest. Also, the petition itself alleges that the items were listed in one account by the plaintiff, whose counsel here seek to claim that the transactions were independent and separate. It was evident, therefore, that the parties considered the agreement as an entirety, and did not understand that they were entering into' a separate and distinct transaction for the purchase of every item. Since the agreement was an entirety, Section 4328 applies, and as its requirements were not complied with the agreement
 
 *683
 
 was void and recovery thereunder must he denied the plaintiff.
 

 This holding makes it unnecessary to consider whether the orders were split in order to evade the requirements of the statute.
 

 It is urged by the company that the village has accepted and used these meters with no complaint as to quality or service. The fact that the municipality received and used the meters does not estop the municipality from setting up the omission of the státutory requirement as a defense to the action.
 
 City of Lancaster
 
 v.
 
 Miller,
 
 58 Ohio St., 558, 51 N. E., 52.
 

 Parties who deal with a municipality are bound by the notice which they receive from the statutes to know the extent of the power and authority of the municipality to contract.
 
 McCloud & Geigle
 
 v.
 
 City of Columbus,
 
 54 Ohio St., 439, 44 N. E., 95;
 
 Buchanan Bridge Co.
 
 v.
 
 Campbell et al., Com’rs.,
 
 60 Ohio St., 406, 54 N. E., 372.
 

 Since the contract was invalid, the municipality took no title to the meters under the contract. However the contract was not
 
 malum in se,
 
 it was merely
 
 malum prohibitum.
 
 It did not contravene public policy. Hence the doctrine applies which is laid down in the case of
 
 Hill County
 
 v.
 
 Shaw & Borden Co.,
 
 (C. C. A.), 225 F., 475. This case exhaustively discusses the authorities upon this point, and holds that if a political subdivision, such as a county on a municipality, obtains the money or property of others without authority, the law will compel restitution or compensation. To the same effect is the case of
 
 Morse
 
 v.
 
 Board of Com’rs. of Granite County,
 
 19 Mont., 450, 48 P., 745, which rules that
 
 *684
 
 where a sale to a county is adjudged void because the seller is a county commissioner the title to the goods remains in the seller, so that he may sell the property to another, who, in turn, may sell it to the county and recover of it therefor.
 

 Hence the title to and right of possession of the meters still remain in the company.
 

 Judgment of the Court of Appeals affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.