## WORKMAN v. GREEN CAB CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8269. Decided Feb. 27, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

941. PRACTICE AND PROCEDURE—681. Jurisdiction—465. Error Proceedings.

Reviewing court is bound by rules of legal procedure and cannot go outside the record. Fact that affidavit has been filed, setting forth action of court in presence of jury, does not give court power to review question raised as to misconduct, unless such affidavit is part of a bill of exceptions.

Error to Common Pleas.

Judgment affirmed.

Mr. McConnell, for Workman.
A. W. Workman, for Green Cab Co.

### FULL TEXT.

SULLIVAN, PJ.

This cause is here on error from the Common Pleas Court, and upon examination we find that there is no bill of exceptions and that the error claimed against the court below does not appear in the pleadings, or otherwise in the case. Therefore, as to the assignment of error, to-wit, mainly the misconduct of the court, we find nothing from which we can take judicial cognizance and, therefore, it is manifest that we have no jurisdiction in the premises.

A reviewing court is bound by the rules of legal procedure and cannot go outside the record. It is claimed in the brief that, inasmuch as an affidavit has been filed setting forth the action of the court in the presence of the jury, we have power to review the question raised, but this affidavit is no part of a bill of exceptions. In other words it is not legal procedure as is contemplated by law with respect to a record before a reviewing court. For a reason considered adequate by the court, the bill of exceptions has been stricken from the files. Thus we cannot use the bill of exceptions. Had there been a bill of exceptions we might consider the affidavit, had it been made a part of the bill of exceptions in some manner, such as upon a motion for a new trial and the overruling of the same and the taking of exceptions and the incorporation of same into a bill of exceptions and made a part of it, but

this was not done. An affidavit becomes a part of the bill of exceptions upon a motion for a new trial if made for the purpose of supporting the motion, providing it is made a part and parcel of the bill of exceptions, even if there is a bill of exceptions the affidavit cannot be considered unless it was made a part of the bill of exceptions as intending to support the motion, so that a reviewing court could decide whether the court below was wrong in refusing to sustain the motion.

Thus by an analysis of these proceedings it is plain that the court is without jurisdiction in the premises.

The case called to our attention in the brief, 4 O.C.D. 507, has no application, because of the lack of foundation for it as heretofore noted. Thus the conclusion is inevitable that the court cannot take cognizance of this case and hence the judgment of the lower court must be as a matter of law and is hereby affirmed.

(Vickery and Levine, JJ., concur.)