RIDDLE ET AL., EXRS., *v.* RIDDLE.

*Mr. E. M. Wickham* and *Mr. Hugh M. Bennett,* for plaintiffs in error.
*Mr. F. M. Marriott,* for defendant in error.

SHERICK, J.   This is an error proceeding from the court of common pleas of Delaware county, and is before this court on the petition in error of, the plaintiff in error, and the cross-petition in error of the defendant in error.   The parties stand in the same position as they did in the trial court, and will be referred to herein as plaintiffs and defendant.

From January 1, 1929, and for some years prior thereto, Christian Riddle, now deceased, was the sole owner of an individual business in the city of Delaware, known under the name of Riddle, Graff & Co.   The defendant, Lester C. Riddle, is a son of the deceased, and was an employee of his father in the office from the date mentioned to the last day of August, 1923, when said business was closed out.

Christian Riddle died on the 16th day of November, 1927.   The plaintiffs are his duly qualified and acting executors.

The defendant employee of his father was allowed a monthly salary at a certain fixed sum, which was periodically increased.   During the time of his employment the defendant withdrew from the business, for his own use, certain sums of money, and these

withdrawals were carried on the books of the business as an account receivable. In another account of the business the salary account of the defendant was kept. Both of these accounts were charged as against the defendant.

It appears that the business at no time paid the defendant in actual cash his monthly salary, but that it was the practice in keeping the books to set the amount of his monthly salary as against his withdrawal account, as a credit thereon, a new balance being struck monthly.

It is shown by the evidence that many of these entries were in the handwriting of the defendant, both in the ledger and the journals, and only those items in the handwriting of the defendant were placed in evidence.

The amount claimed by the plaintiffs is $18,185.44, with interest at 6 per cent. from the 1st day of September, 1923.

The cause of action as originally stated in the petition was upon one account, and upon defendant's motion plaintiffs were required to separately state and number their causes of action, and trial was thereafter had upon the second amended petition.

To this second amended petition the defendant answers by way of general denial both as to the first and second causes of action, as set forth in the second amended petition, and as a second defense relies upon the statute of limitations. (Section 11222, General Code). As a third defense defendant alleges that the accounts against him had been forgiven by his father.

Reply was made thereto, denying generally the second and third defenses.

Upon these issues joined the cause was submitted to the jury, who returned a verdict in favor of the plaintiffs and against the defendant in the sum of $20,478.53, being the full amount prayed for.

Before judgment was entered upon the verdict the defendant interposed two motions for a new trial, one being on the ground of newly discovered evidence, and the second reciting the grounds of error claimed to have intervened at the trial. Upon consideration of these motions both were overruled by the court, and the court proceeded thereupon to enter judgment on the verdict, which he did in the manner following:

The journal entry discloses that the court recognized that error prejudicial to the rights of the defendant was committed by him during the trial in permitting the plaintiffs to present to the jury any evidence of that portion of the accounts sued on in the second amended petition, dated prior to November 22, 1922, and that he should have sustained the defendant's motion, made at the close of plaintiff's evidence, to withdraw from the jury all the evidence of items of said accounts against the defendant prior to that date, and that error was committed in the charge to the jury in submitting the items prior to that date. Judgment was entered in favor of the plaintiffs on the first cause of action, in the sum of $735.94, and on the second cause of action in the sum of $1,005.01, making a total judgment in favor of the plaintiffs, as against the defendant, in the sum of $2,289.35, together with interest from the first day of the term of court. To this judgment both parties took exception, and thereupon the plaintiffs filed a

motion for a new trial which was subsequently overruled.

Among the numerous grounds of error charged in this proceeding, the plaintiffs complain by way of motion that service of summons was not made upon the defendant's cross-petition in error, and therefore it is asked that the cross-petition in error be dismissed.

This preliminary question was submitted to the court, along with the merits of the case. It appears that defendant caused service of summons on the cross-petition in error to be issued, but that through mistake of the clerk the summons was directed to the plaintiffs individually, and not in their official capacity. It is contended by plaintiffs that summons is necessary upon a cross-petition in error. In some instances this is, no doubt, correct, as pointed out in the case of *Southward* v. *Jamison,* 66 Ohio St., 290, 64 N. E., 135; but we recognize that when a cross-petition in error is strictly confined to matters in question in the petition, and new matters are not raised thereby, and all parties are properly before the court, a summons in error upon a cross-petition in error is not necessary. This being the fact in this case, this court is of opinion that a summons in error upon this cross-petition in error was not necessary. This view is supported by the holding of the court in the case of *Brown* v. *Kuhn,* 40 Ohio St., 468.

It is claimed by the plaintiffs in error that the trial court erred in sustaining the motion of the defendant requiring the plaintiffs to separately state and number their causes of action.

It appears from the evidence, and from the accounts themselves, that two accounts were carried on

the books of Christian Riddle as against the defendant, and, in view of the conclusion which the court will reach in this opinion, we hold that this action of the court does not show prejudicial error as against the plaintiffs.

It is insisted by both parties to this proceeding that the court erred in rendering judgment for a lesser amount than the sum found by the jury, and hence but one side of this proposition has been briefed and the court is not aided in the determination of this question.

Our attention has been directed to the case of *Chester Park Co.* v. *Schulte, Admr.*, 120 Ohio St., 273, 166 N. E., 186, in which many earlier decisions on the question of the right of courts to enter a *remittitur* on the verdict in certain cases is considered. We note that this case pertains to an action in tort for unliquidated damages, and we recognize that the law stated in the *Schulte case* is now the law of Ohio. Yet we cannot reach the view that this authority is applicable to the question in the instant case. This is an action upon an account, which is a liquidated debt or demand, and is unlike the damages to be ascertained in a tort or personal injury action, wherein the subject involves the opinion of the jurors and calls for the exercise of their judgment.

In this action the trial court acknowledges in the final entry that he has committed error in that he failed to exclude from the jury all items of the account prior to the date of November 22, 1922; that the statute of limitations of six years applied; and that he should have sustained defendant's motion made at the conclusion of plaintiff's case, and wrongfully charged the jury thereon.

We believe that the trial court had the authority to enter this *remittitur* without the consent of the plaintiffs, in view of the fact that he was but correcting an error occurring in the case as to the proper rule of law applicable, and for the further reason, as contained in the fourth paragraph of the syllabus of the *Schulte case,* because the testimony was undisputed and the error resulting from the view of the law as given to the jury by the court could be but one of mathematical calculation.

It is therefore the view of this court that the entering of this *remittitur* was not error, and it was within the power of the court to correct its own error, that thereby the parties might not be compelled to try their action anew.

The most serious question in this case depends upon the determination of whether the accounts sued upon are plain, simple running accounts, or mutual accounts.

The evidence discloses that Christian Riddle acquiesced in the withdrawals made by his son, the defendant, and that such withdrawals were carried on the books of the business as an account receivable, and that in a separate account, charged as against the defendant, the items of salary expense were carried, but that no charge existed in favor of the defendant as against the decedent on the books of the business.

It is not the manner in which parties may keep their books or accounts that is determinative of the question whether an account is an open running account or a mutual account. The fact that it was the practice of the bookkeeping in this business to bring over at certain intervals, and to place as a

credit due the defendant on the account receivable, his monthly salary, cannot, in the opinion of this court, make a mutual account.

To our notion, such may be considered to be purely adjustment entries, as the testimony discloses, made necessary by reason of the manner of the keeping of these books. Payments of salary constitute expenses of business, while advancements of money constitute assets; and, periodically, salary or expense accounts are charged off the books, as was done in this case.

We believe the law is clearly stated in 1 Corpus Juris, 599, wherein it is said: ''Where the items in an account are all charges against one party and in favor of the other, it is not a mutual account, since it does not show a system of mutual dealings and of reciprocal demands between the parties; and the account is not mutual where the items are on one side only, even though made up of debits and credits.''

We therefore conclude that these accounts are simple running accounts, and the statute of limitations of six years applies.

It is asserted by the plaintiffs that the crediting of the monthly salary as against the account receivable from the defendant is a payment not in cash, but by services rendered, and that the last payment, therefore, tolls the statute. Such would be true if this were a mutual account; and, as previously suggested, we do not believe that these credits were payments, but purely adjustment entries.

We therefore take the view that the case of *Ludwig Hommel & Co.* v. *Incorporated Village of Woodsfield,* 115 Ohio St., 675, 155 N. E., 386, is not controlling in this case, but that the rule announced in

*Courson's Executors* v. *Courson,* 19 Ohio St., 454, is more to the point.

The evidence in this case discloses that by far the largest number of entries appearing on the books of Riddle, Graff & Company are in the handwriting of Paul Riddle, a brother of the defendant, but that some are in the handwriting of the defendant.

The only testimony in this case tending to prove the correctness of these accounts is the evidence of the stenographer, not a bookkeeper, who, at times, made a few entries in the firm's books at the direction of Paul Riddle or this defendant. Her testimony is to the effect that she did not know anything about the correctness of the original entries, or as to whether or not the defendant drew out of the business the sums represented on the account. She testifies that she was familiar with the handwriting of the defendant, and upon that theory, and the fact that these entries there were declarations against interest, the court permitted the account to be proved in that fashion.

We believe that this was error prejudicial to the substantial rights of the defendant. We recognize that the times have changed, and that there is a new manner of doing business, and that the old rules as to the manner in which an account may be proved have been broadened. But we do not understand that one may prove the correctness of an account by the mere fact that the witness is familiar with the handwriting of the person who made the entries on the account book. If that were true, any one entirely destitute of knowledge of the firm's business might testify as to the correctness of an account; it being only necessary that the witness was able to recog-

nize the handwriting. The testimony of this particular witness is the only testimony in this case as to the correctness of this account.

The rule is well stated in Metzler's Trial Evidence, page 474:

"If a party brings an action on an account, his own testimony is the highest and best evidence that can be offered of the facts set forth in the petition, or the testimony of the witness who had the transaction with the adverse party, or who performed the work, or who delivered the material, as the case may be. The fact that transactions were recorded in a book is merely corroborative. If the transactions were recorded at the time, and if the person who recorded them testifies that he recorded them, and that they were truthfully recorded, the book may be received in evidence, not independently of the testimony of the witness, but in connection with the testimony."

To the same effect the rule is set forth in Jones on Evidence (3d Ed.), page 890.

The cases of *Bennett* v. *Shaw*, 12 C. C., 574, 5 C. D., 480, and *Kennedy* v. *Dodge, Admr.*, 19 C. C., 425, 10 C. D., 360, are helpful.

It further appears that Paul Riddle, who seems to have made most of the entries in the firm books, at the time of trial was in the city of Delaware, and within call of the court.

We note from page 146 of the bill of exceptions that the court said to counsel, before argument: "The only thing you can argue, you will have to confine your argument to the issue, and the issue is simply whether or not the account is correct; the

only question that will go to the jury is the correctness of the account.''

For the reasons indicated, and as previously suggested, we therefore believe that there was a total failure of proof as to the correctness of these accounts.

The defendant in error holds the view that his motion for a new trial, based on newly discovered evidence, should have been sustained. The trial court's ruling on this contention was right.

As stated in 2 Ohio Jurisprudence, page 440, section 386, it is the general rule that affidavits given in evidence on the hearing of a motion, which are not legitimately a part of the record, cannot be considered by the reviewing court, or error predicated to the decision on the motion, unless they are properly brought upon the record by the bill of exceptions, and an affidavit filed in support of the motion is no part of the record.

To the same effect, see *Workman* v.·*Green Cab Co.*, 29 Ohio App., 349, 163 N. E., 506.

The affidavit, therefore—not being properly incorporated in the record, so as to show all of the evidence the court might have heard upon this motion— is not now properly before this court and cannot by it be considered.

The defendant further charges that the court erred in the exclusion of certain evidence, and especially that as to the will of Christian Riddle, going to the proposition that it tended to prove the forgiveness of the debt of the decedent as against the defendant.

The record, however, as to the contents of the will,

is silent, and we are not advised thereby as to its contents.

This court cannot, therefore, accede to this claim of the defendant.

It is therefore the judgment of this court that this cause be reversed and remanded for the reasons herein indicated.

*Judgment reversed and cause remanded.*

Lemert, P. J., concurs.
Houck, J., not participating.