Allen, J.
 

 The plaintiff in error herein will be referred to as. the plaintiff,.and the defendant in error as the defendant, throughout this opinion.
 

 
 *153
 
 The petition is in short form, and claims to state a cause of action for conversion. Since the demurrer to the second and third defenses in the answer searches the record, the sufficiency of the petition is also challenged, and is here considered.
 

 The action is a continuation of litigation between the same parties and over the same subject-matter involved in the case of
 
 Ludwig Hommel & Co.
 
 v.
 
 Incorporated Village of Woodsfield,
 
 115 Ohio St., 675, 155 N. E., 386. That action was instituted by Ludwig Hommel & Co. to recover from the village of Woodsfield for electric meters furnished by the company to the village upon orders of the board of public affairs of the village. This court denied recovery in that case, holding as follows in the syllabus:
 

 “1. Under Sections 4328 and 4361 of the General Code, the board of public affairs of a village may not make any contract or purchase of supplies or material for any work under the supervision of the board of public affairs involving more than $500 unless such expenditure is first authorized and directed by ordinance of council, and unless after such authorization and direction the board of public affairs of the village has made a written contract with the lowest and best bidder after advertisement for not less than two or more than four consecutive weeks in a newspaper of general circulation within the village.
 

 “2. When either the requirement of authorization and direction by ordinance of council or of advertisement for bids has been omitted, such contract imposes no valid obligation upon the village.”
 

 The court, however, indicated in that decision, which was concurred in unanimously, that the title
 
 *154
 
 to and right of possession of the meters still remained in the company; and the company now seeks to recover for conversion of the meters, praying for a money judgment therefor.
 

 It is to be observed that the plaintiff company is not suing here for restitution or return of the physical property. It explains its action by the statement that in order to replevin each individual meter it would have to bring innumerable actions, and, furthermore, locate these meters in individual homes in the village, without means of knowing where each meter had been placed. However, this explanation relates to the difficulty of the remedy, and does not change the law.
 

 Taking into consideration the decision in the former case, and bearing in mind the prayer for money judgment herein, we are compelled to view the present action as being virtually a second effort to collect upon the contract. The plaintiff in fact concedes that in order to effect a recovery, this court would have to overrule, or at least substantially modify, its judgment in the cases of
 
 Frisbie Co.
 
 v.
 
 City of East Cleveland,
 
 98 Ohio St., 266, 120 N. E., 309;
 
 Buchanan Bridge Co.
 
 v.
 
 Campbell et al., Commrs.,
 
 60 Ohio St., 406, 54 N. E., 372, and similar decisions. It was specifically held in the fourth paragraph of the syllabus in the
 
 Frisbie case,
 
 that, where no valid obligation is imposed upon a municipality by a contract entered into without compliance with the statutes, an action in damages for conversion could not be maintained against such municipality.
 

 The statutes limiting the powers of public boards to contract or purchase supplies and materials with
 
 *155
 
 out public and competitive bidding are enacted for tbe benefit of tbe public, to protect tbe funds derived from public taxation from tbe possible extravagance and carelessness of those entrusted with supervision of such funds. This court will not relax tbe protection wbicb such statutes throw around tbe public treasury. It is true that a modification in tbe strictness of this doctrine was made in
 
 State, ex rel. Hunt, Pros. Atty.,
 
 v.
 
 Fronizer, 77
 
 Ohio St., 7, 82 N. E., 518. In that case, it was held that there could be no recovery back of money paid upon a county commissioners’ bridge contract, fully executed, but rendered void because of tbe lack of tbe necessary statutory certificate by tbe county auditor, where there was no claim of unfairness, fraud, or extortion, and no claim of effort to put the contractor
 
 in statu quo
 
 by return of the bridge, or otherwise. Tbe court said that this rule rested upon tbe principle of common honesty, and that tbe county should not be permitted to retain both tbe consideration and tbe bridge. However, tbe
 
 Froniser case,
 
 wbicb is still tbe law in this state, cannot be extended beyond tbe specific doctrine wbicb it announces. It is not authority for tbe theory that there can be a money judgment or recovery for articles delivered to a municipality under a void contract. Moreover, tbe doctrine indicated in tbe opinion in tbe former case of
 
 Hommel & Co.
 
 v.
 
 Incorporated Village of Woodsfield, supra,
 
 cannot be extended beyond its terms. Neither tbe
 
 Frisbie case
 
 nor tbe statement in tbe opinion in tbe former
 
 Rommel case
 
 is authority for tbe proposition that the Hommel Company may, under tbe guise of an action for conversion, compel tbe recovery of tbe money judgment wbicb was re
 
 *156
 
 fused in the preceding action. The prayer herein is certainly tantamount to a prayer for such recovery. In other words, the Hommel Company here asks for the same kind of relief denied in the preceding action.'
 

 Upon the authority of
 
 Frisbie Co.
 
 v.
 
 City of East Cleveland, supra,
 
 we conclude that the petition in the instant case does not state a cause of action, and that the judgments of the lower courts must therefore he affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.