**NEITZ, Plaintiff-Appellee, v. WILLIAMS et, Defendant-Appellant.**

Ohio Appeals, Seventh District, Jefferson County.

No. 1033. Decided June 3, 1950.

276

Kinsey & Allebaugh, Steubenville, for plaintiff-appellee.
George A. King, Steubenville, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

Plaintiff in the court of common pleas, appellant here, who died since this appeal was filed, and whose administratrix has been substituted in his stead, will be called plaintiff in this opinion, and defendants, husband and wife, there and appellees here will be called defendants.

Plaintiff sued defendants in the court of common pleas to recover a judgment against them for professional services rendered them and their family from September 29, 1929, to August 18, 1944, during which time the relationship of family physician and patients existed between the parties. On August 18, 1944, when the balance due plaintiff physician for services rendered between the dates stated was $121.00, defendants made a payment of seven dollars on account to plaintiff without direction as to which item of indebtedness, or for which particular professional service, it should be applied, or direction as to whether it was to be applied on a general balance.

By answer defendants alleged that the statute of limitations had run against such account. The parties waived trial by jury and submitted their controversy to the trial judge, and rested without the introduction of any evidence.

The trial judge found for the plaintiff in the amount of seven dollars and entered judgment accordingly. From that judgment plaintiff appealed to this court on questions of law.

By five assigned grounds of error plaintiff contends that the trial judge "erred in applying the law to the facts established," and "in the determination of damages due and owing to the plaintiff"; and contend that "the judgment is not sustained by sufficient evidence and is contrary to law," that

"the judgment is contrary to law"; and that there are "other errors of irregularities apparent upon the face of the record of the proceedings herein."

On May 16, 1930, the balance due for such services was $90.00, and between that date and August 11, 1944, it increased to $121.00.

By brief counsel for plaintiff argues:—

"The Statute of Limitations is remedial in its effect and does not go to the existence of the debt or the duty to pay, but merely to the legal remedies available to the creditor. From this beginning, the courts are prone to favor the creditor rather than the debtor as there are few definite principles of guidance and these are subject to many qualifications. **(31 O. Jur., pg 197, paragraph 108.)**"

Citing as authority **25 O. Jur., page 622,** defendants contend that:—

"A credit upon an account, after the cause of action on the same is barred by the statute of limitations, will not be treated as part payment thereof, unless shown to have been so intended by the party."

Also defendants contend that when the seven dollar payment was made on the account that the matter was not discussed, and that the plaintiff "merely gave a receipt for the seven dollars."

While it is true that "where a physician treats a patient in a case of a particular disease, it may be concluded that the fee for such connected services will not be due until the physician has finished his services or has been discharged from the case, insofar as the right of action thereon accrues"; yet in the case we review there was no connection between the several items of plaintiff's account. The services were not rendered in one illness nor one case, nor continuously rendered, and there were no items entered thereon between the years 1932 and 1944.

"* * * The rule in Ohio is that in actions on open and running accounts the Statute of Limitations applies to each item of the account, and each of such items will be barred in six years after the right of action accrued thereon." **25 O. Jur., paragraph 38, page 462.**

"The statute of limitations begins to run against each item of an account at its proper date." **San Collection Co. v. Ward, 20 O. O. 120.**

"A credit upon an account after the cause of action on the same is barred by the statute of limitations, will not be treated as part payment thereof, unless shown to have been so intended by the parties." **Kaufman, Administrator v. Broughton, 31 Oh St 424.**

Considering the evidence in the case we review, and applying the law applicable thereto, we conclude that the trial judge did not err to the prejudice of the plaintiff in any of the respects he urges, upon which we pass.

Appellant's counsel has failed to call our attention to "other errors apparent on the face of the record," as alleged as a ground of error; nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, J, GRIFFITH, J, concur in judgment.