JOURNAL ENTRY AND OPINION
This is an appeal from an order of Judge Richard J. McMonagle granting summary judgment in favor of appellee Bizmart, Inc. d.b.a. Office Max (Bizmart) on the basis that appellant International Periodical Distributors' (IPD) claims for money owed were barred by the four-year statute of limitations in R.C. 1302.98. IPD claims that its refiled action to collect money, for magazine deliveries made between 1991 and 1993, contains claims that remain actionable because different limitations periods applied to separate transactions and that the remedy authorized by R.C. 1302.98 is in addition to remedies authorized by R.C.2305.19. Bizmart argues that a single limitations period defined by the date of the last sale applies to this action, and argues in the alternative that the savings provision of R.C. 1302.98(C) bars the refiled complaint. We affirm.
On January 4, 1995, IPD, of Solana Beach, California, filed its first complaint against Bizmart (Cuyahoga County Common Pleas Court Case No. 282826), alleging that Bizmart owed money for magazines, and Bizmart filed its answer on March 15, 1995. For unexplained reasons, the case docket reflects no action until February 21, 1996, when Bizmart served discovery requests on IPD, filed notices of deposition in April 1996, and a motion for judgment on the pleadings on May 1, 1996. On May 3, 1996 IPD's Accounts Receivable Manager, Carol Robinson, was deposed and answered questions about the IPD account ledger that identified the periodic deliveries of magazines to Bizmart between July of 1991 and September of 1993, and the amounts charged and balances outstanding. The docket for Case No. 282826 does not contain a ruling on Bizmart's motion but does reflect IPD's Civ.R. 41(A)(1) dismissal on December 3, 1996.
On December 2, 1997 IPD refiled its complaint, stating that Bizmart owed $85,626.78 for goods sold and delivered between January 1, 1991 and June 15, 1994. On February 10, 1998 Bizmart moved to dismiss the complaint, on the basis that it was an action on an account and a copy of the account was not attached to the complaint as required under Civ.R. 10(D). The motion was denied on March 16, 1999, but IPD was ordered to provide Bizmart with a full description and recapitulation of all transactions which result in its claims by June 14, 1999. Thereafter the parties did not dispute that the transactions at issue occurred between August 1991 and September 1993.
On January 13, 2000 Bizmart filed a motion for summary judgment, claiming that IPD's complaint was not within the four-year statute of limitations for sales of goods set forth in R.C. 1302.98 (Uniform Commercial Code [U.C.C.] section 2-725). It contended that IPD's action was based on an account and, therefore, subject to a single limitations period measured from the last sale of magazines in September 1993, and that IPD was not entitled to the benefit of any savings statute, despite its December 3, 1996 dismissal. On February 28, 2000, Bizmart's motion was granted.
IPD raises the following assignment of error:
 THE COURT OF COMMON PLEAS ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT FOR THE REASON THAT IT WAS CONTRARY TO LAW AND THERE WERE ISSUES OF MATERIAL FACT.
We review the grant of summary judgment de novo to determine whether the evidence, viewed in the light most favorable to the non-movant, shows that there is no dispute of material fact and entitles the movant to judgment as a matter of law. Civ.R. 56(C); Druso v. Bank One of Columbus (1997), 124 Ohio App.3d 125, 130-31, 705 N.E.2d 717, 720. Our task in this case is to determine whether IPD's sales are subject to a single limitations period measured by the date of the last delivery of magazines, or separate limitations periods based on the separate dates of the magazine deliveries. If we determine that multiple limitations dates apply, we must next determine whether the savings provisions of R.C. 2305.19
or R.C. 1302.98(C) apply to IPD's refiled complaint. R.C. 2305.19
states:
 In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date.
R.C. 1302.98, which applies to sales of goods, provides both the applicable limitations period and a savings provision, as follows:
 (A) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. * * *
 (B) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. * * *
 (C) Where an action commenced within the time limited by division (A) of this section is so terminated as to leave available a remedy by another action for the same breach, such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.
Are IPD's sales to Bizmart subject to separate limitations dates, or a single limitations period measured from the date of the last sale in September 1993? IPD refiled its complaint on December 2, 1997, relying on the one-year savings provision of R.C. 2305.19, which applies only to claims whose limitations periods have expired at the time of the dismissal. If the dismissal occurs before the limitations period has expired, there is no extension of time and the party must refile within the original limitations period. Malatesta v. Sharon Twp. Trustees (1993), 87 Ohio App.3d 719, 722, 622 N.E.2d 1163. Although IPD argues that a separate limitations period applies for each delivery of magazines between August 1991 and September 1993, it has conceded that at least some of its sales would not be saved by R.C. 2305.19, specifically admitting that all sales after December 3, 1992 would be barred by the statute of limitations because the four-year period would not have expired at the time of the 1996 voluntary dismissal.
Bizmart, however, submits that all sales occurring prior to December 1992 are also barred because IPD's cause of action has a single date of accrual in September 1993. Its position is bottomed on the assertion that IPD's action is one on an account, and not severable into separate sales, but measured by a single date, in this case the date of the last magazine delivery.
If we employ the single limitations date, IPD will not benefit from the application of either R.C. 2305.19 or R.C. 1302.98. The former would not provide a one-year grace period because the voluntary dismissal occurred before the original limitations period expired. The latter requires, at the very least, that IPD refile the complaint within a six-month grace period, which deadline it missed. Although the judge might have decided that a single limitations period applied when he granted Bizmart's motion, we find that separate limitations periods apply.
An action on an account is a pleading device to avoid the necessity of pleading or filing multiple actions for separate transactions. AMF, Inc. v. Mravec (1981), 2 Ohio App.3d 29, 31, 440 N.E.2d 600, 603. Where two parties have engaged in multiple transactions, an action on an account is acceptable as a shorthand method of raising the parties' claims. Id. An action on an account, however, has no magical qualities; the plaintiff is at all times required to prove the amounts owed for each particular transaction. Id. The underlying transactions do not lose their character simply by being part of a series. If the account represents sales of goods, R.C. Chapter 1302 applies, and R.C. 1302.98 provides a four-year limitations period, rather than a six-year limitations period applicable to other transactions. Broadway Resource Supply v. West End Land Development Inc. (June 18, 1998), Cuyahoga App. No. 72632, unreported.
It was Bizmart's contention that Broadway Resource Supply not only held that the four-year limitations period applied, but that the period is measured from the last sale made on the account. We find this dictum unpersuasive because the finding was unnecessary for the result in that case. The court in Broadway Resource Supply was faced with an account for sales of goods, in which the last sale had occurred more than four years prior to the complaint and the issue was not limitation dates for separate sales but whether payments on the account subsequent to the last sale tolled the limitations period, an issue not present in this case.
Questions such as the one sub judice apparently arise infrequently, and the precedents concerning actions on an account are somewhat antiquated, but we are, nevertheless, able to ascertain that ordinarily the limitations period for an action on an account is measured by the limitations period for each separate transaction. Scheer v. Hills Dept. Stores (Apr. 29, 1981), Mahoning App. No. 80 C.A. 73, unreported; Riddle v. Riddle (1929), 38 Ohio App. 132, 139-40, 175 N.E. 757; Neitz v. Williams (App. 1950), 60 Ohio Law Abs. 275, 101 N.E.2d 394; 66 Ohio Jurisprudence3d (1986), Limitations and Laches, Section 88. This appears to us the best resolution of the issue, rather than the date of last sale rule suggested by Bizmart.
An arithmetic determination of separate limitations periods, which at first blush appears difficult, will provide clearer guidance than a date of last sale rule, because the latter rule would prompt attempts to revive long-forgotten debts by linking them as part of an account with another more recent transaction. The difficulty of distinguishing between true accounts and intermittent and unrelated transactions would exceed that caused by barring debts on an account that were incurred more than four years before. Most businesses would not be adversely affected by this rule, because few would allow ordinary accounts for sales of goods to linger more than four years in arrears without taking some action. On the other hand, an alternative rule would let disputes between parties smolder for the entire term of their relationship, leading to comprehensive litigation of all transactions between the parties at relationship's end. A business relationship is not a marriage, and we will not treat it as such.
R.C. 1302.98(B) provides that a cause of action for breach with respect to a sale of goods accrues at the time of the breach. Absent some other agreement regarding payment, payment is due at the time of delivery, and a party who accepts goods without payment is in breach. R.C. 1302.55
(U.C.C. 2-511); R.C. 1302.65 (U.C.C. 2-607). Because there is no evidence or allegation that the magazine deliveries were installments in a single contract,[1] for summary judgment purposes we will treat them as separate transactions with separate limitations periods. Therefore, should R.C. 2305.19 apply, IPD's deliveries prior to December 3, 1992 are still actionable under the refiled complaint. We must next determine which savings statute applies to IPD's claims.
This appears to be a matter of first impression. Bizmart argues that R.C. 1302.98 applies specifically and exclusively to sales of goods, and precludes application of the more general savings provisions in R.C.2305.19, citing Portwood v. Ford Motor Co. (1998), 183 Ill.2d 459,468-69, 701 N.E.2d 1102, 1106. Bizmart's position is that the limitations period and savings provision of R.C. 1302.98, as with all provisions of the U.C.C., are intended to provide uniform rules for sales of goods thereby promoting more efficient interstate commerce. Applying the six-month period, it insists, would eliminate variations in applying each state's general savings provisions to such sales. Id.
IPD offers an alternative interpretation, suggesting that R.C. 1302.98
was not intended to preclude R.C. 2305.19, but to supplement it, that the six-month saving provision applies only where an action is so terminated as to leave available a remedy by another action for the same breach, meaning that R.C. 1302.98 applies only when the dismissal occurs before the original limitations period has run.
We agree with Bizmart's interpretation, although we believe R.C.1302.98(C) merits some legislative review. Even if a savings provision (as opposed to a general statute of limitations) is an appropriate subject for interjurisdictional uniformity in sales of goods transactions, the statute as written denies most refilings in such cases.
R.C. 1302.98, adopted in 1962 and never amended, provides a six-month savings provision, but allows the extension only where the previous dismissal was not due to voluntary discontinuance or from dismissal for failure or neglect to prosecute. Prior to the adoption of the Civil Rules of Procedure in 1970, a voluntary dismissal was normally ineligible for the savings provisions of R.C. 2305.19, because voluntary termination was not considered a failure. See Chadwick v. Barba Lou, Inc. (1982),69 Ohio St.2d 222, 226-29, 23 O.O.3d 232, 431 N.E.2d 660, 663-64
(discussing cases prior to Civil Rules).[2] Moreover, voluntary terminations were denied protection to avoid successive dismissals and refilings, because there was no rule limiting the use of voluntary dismissals but, since the adoption of Civ.R. 41, R.C. 2305.19 applies to voluntary dismissals. Id. R.C. 1302.98(C), however, continues to prohibit any refiling of sales of goods complaints after a voluntary dismissal.
Despite these impediments, the statute admits of no other reasonable interpretation. IPD's suggested interpretation defines R.C. 1302.98(C) specifically in light of Ohio's general savings statute, and in all likelihood could not be adopted by other jurisdictions. IPD's interpretation, therefore, would not satisfy any goal of interjurisdictional uniformity. We must interpret the statute consistent with its purpose.
We conclude that the savings provisions of R.C. 1302.98(C) apply to the refiling of previously dismissed sales of goods actions. IPD's actions are barred under this statute because they were not filed within six months of the prior dismissal and because the prior voluntary dismissal precluded any extension of the original limitations period.
Judgment affirmed.
It is ordered that the appellee shall recover from the appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., AND TIMOTHY E. McMONAGLE, J. CONCUR
[1] An installment contract is a single agreement, and failure to pay for one installment is not a breach of the whole unless it impairs the value of the entire contract. R.C. 1302.70 (U.C.C. 2-612).
[2] See, also, Frysinger v. Leech (1987), 32 Ohio St.3d 38, 42,512 N.E.2d 337, 341-42.