**COLDREN, Plaintiff-Appellant v. MAY et, Defendants-Appellees.**

Ohio Appeals, Third District, Hancock County.

No. 451. Decided February 24, 1942.

Donald A. Dietsch, Findlay, for plaintiff-appellant.
Marcus C. Downing, Findlay, for defendants-appellees.

## OPINION

By. GUERNSEY, P. J.

This is an appeal upon questions of law from a judgment of the Common Pleas Court of Hancock county, Ohio, in an action pending therein wherein the appellant W. G. Coldren was plaintiff, and the appellees Mearl C. May, Anna May and Guyneth J. May were defendants.

The plaintiff's petition, in short form, sets up an action for balance on an account against the defendants for services rendered at their request, for the burial of Marion C. May, deceased. being a balance of $201.48, plus interest at six per cent from July 18, 1937, being the sum of $242.52 as of December 18, 1940. The original account was for $401.28 as of July 18, 1937, upon which a payment of $200.00 was made on December 9, 1937.

To this petition two of the defendants, Mearl C. May and Anna May filed their amended joint answer in which, for their first defense, they admit that they are the father and mother of Marion C. May, decease; that the defendant Guyneth J. May is the widow of Marion C. May, deceased; that the plaintiff received from the Industrial ·Commission of Ohio, on September 9, 1937, the sum of $200.00; and deny each and every, all and singular, the other allegations in said petition contained.

For second defense these answering defendants aver that at the time the arrangements were made with plaintiff for the burial of said Marion C. May, deceased, there was an agreement between the plaintiff and these answering defendants that the entire cost of the funeral for said Marion C. May would be paid out of the in-

surance to be received from the Industrial Commission of the State of Ohio which was due the defendant Guyneth J. May as widow of said decedent, by reason of said Marion C. May being killed while working in the course of his employment.

The answering defendants further allege that at the request of the defendant Guyneth J. May they took her to the plaintiff's place of business so that the defendant Guyneth J. May could select the funeral service for the said Marion C. May, and that she then and there solely selected said service, without the advice, counsel or assistance of these answering defendants.

These answering defendants further allege that the defendant Guyneth J. May, after the death of said Marion C. May, received from the Industrial Commission of Ohio an award in the sum of $5000.00 as provided by the Workmen's Compensation law of the State of Ohio, and in addition thereto the said plaintiff received the sum of $200.00 for the funeral expenses of said Marion C. May, and that whatever is due the plaintiff, if anything, for the funeral of said Marion C. May, is due solely from the defendant Guyneth J. May and not from these answering defendants.

For a third defense these defendants aver that the said Marion C. May, at the time of his death was twenty-one years of age and earned only a small amount of money each week as a day laborer; that the sum of money which the plaintiff received from the Industrial Commission of the State of Ohio in the sum of $200.00 was sufficient to pay said plaintiff for the kind of funeral to which said Marion C. May was entitled by reason of his standard of living in his community; and that any funeral which exceeded $200.00 in value was unreasonable and excessive by reason thereof.

The prayer of the answer is that said petition be dismissed as against these answering defendants and that they go hence without day, and for their costs.

The other defendant, Guyneth J. May, although duly served with summons, did not file any pleading and was in default for same at the time of the trial of the case in the Common Pleas Court.

The case was tried to the court and a jury and was submitted upon the pleadings above mentioned, and the evidence. The jury returned a verdict against the plaintiff and in favor of all the defendants. Motion for new trial was filed by the plaintiff, one of the grounds of which was newly discovered evidence. This motion was overruled by the court and judgment entered upon the verdict.

It is from this judgment that this appeal is taken.

Plaintiff-appellant assigns, and in his brief argues, error in the following particulars:

1. The court erred in not granting a judgment by default or directing the jury to return a verdict in favor of the plaintiff against the defendant Guyneth J. May by reason of the failure of the defendant Guyneth J. May to plead to said petition within the time limited by law.

2. The court erred in its general charge to the jury with reference to the third defense pleaded by the defendants Mearl C. May and Anna May in their amended answer.

3. The court erred in overruling the motion of plaintiff for a new trial upon the ground of newly discovered evidence.

These assignments of error will be considered in the order mentioned.

1. An inspection of the record discloses that the plaintiff did not at any time request the court for default judgment against the defendant Guyneth J. May, and did not at any time, either at the close of plaintiff's evidence or at the close of all the evidence request the court to direct the jury to return a verdict in favor of the plaintiff as against the defendant Guyneth J. May, and that without objection by the plaintiff and with his apparent acquiescence the trial was conducted and the issues of fact submitted to the jury in the same manner as they would have been submitted if the defendant Guyneth J. May had filed an answer denying the allegations of the petition as to her liability on the account.

As the plaintiff neither asked for a judgment by default against the defendant Guyneth J. May nor asked the court to direct the jury to return a verdict in his favor against the defendant Guyneth J. May upon the ground of her being in default for answer, he cannot now claim error in the failure of the court to do so.

This leaves the question as to whether the submission of the issues in the case in the manner above set forth constituted error prejudicial to plaintiff.

It has been held by the courts of Ohio that parties who choose to try their case upon a supposed issue not in reality raised by the pleadings and who have their case fairly tried, submitted and decided upon such issue cannot urge in a court of review that the issue tried was not made by the pleadings. **Larimer v. Wells, Admr., 29 Oh. St., 13, 17; Bacon v. Daniels, 37 Oh. St., 279.**

In the former case the defendant filed an answer alleging facts which did not constitute a defense, and which for that reason should have been stricken from the files. Notwithstanding this fact the court held the pleadings should be regarded as putting in issue the defense sought to be established at the trial.

It has also been held by the Ohio courts that an objection cannot be made for the first time in a reviewing court that issue has not been joined, although no reply has been filed to the answer, but, without objection, the cause has been treated as though issue had been joined. **Van Camp v. Chenot, 10 O. C. D., 819; 20 O. C. C., 708; Smedley v. State, 95 Oh. St., 141.**

The decisions in these cases are in accord with the great weight of authority, the general rule applicable to situations of this character being stated under the topic of Appeal and Error, 3 American Jurisprudence, at page 79, as follows:

"The general rule is that where a party goes to trial without interposing any objection on the ground of the absence of proper pleadings, he is precluded from raising the question on appeal or review. Also, under the rule requiring adherents to the theory pursued in the trial court, where the case is tried on the theory that certain issues have formally been raised. it cannot be objected for the first time on appeal that such issues were not in fact joined by reason of the absence of an answer, plea, replication, or other pleading by which, properly, they should have been raised."

The reasoning upon which the holdings in the above mentioned Ohio cases are based is the same as the reasoning upon which the general rule is based. And the rule extends to cases in which there is a failure to file an answer to a petition, as well as to cases in which there is a failure to file a reply to an answer.

In accordance with this rule we hold that by reason of his failure to object to, and his apparent acquiescence in, the conduct of the trial and the submission of issues which should have been properly raised by answer of the defendant Guyneth J. May denying the allegations of the petition, plaintiff is precluded on appeal from claiming error in such submission.

2. In the third defense to the petition the answering defendant did not plead facts constituting a defense. The claimed error in the charge related exclusively to this defense. The issues joined by the first and second defenses to the petition were submittd to the jury without error intervening. No interrogatories were submitted to test the verdict of the jury.

"A judgment based on a general verdict in an action involving two or more issues of such a character that a finding on any one of them in favor of the successful party would support the verdict and judgment. will not be reversed, if the record is entirely free from error as to one of such issues, because of error in the charge of the court dealing exclusively with other issues, unless it is disclosed by interrogatories or otherwise that the general verdict was in fact based upon an issue to which the erroneous instruction related. In other words, 'where there is error intervening in the charge of the court with respect to one claim or defense only of several involved in a case submitted to a juy if there is enough to sustain the verdict, disregarding the claim or defense in respect to which error has intervened, the judgment should be allowed to stand.'" 2 O. Jur., pages 958, 959.

Under this rule the error in the charge which relates exclusively to the third defense does not constitute ground for the reversal of the judgment which is sustained by the presumed finding in favor of the defendants on the

first two defenses plead in said answer.

3. Under this assignment the plaintiff contends that the court erred in the overruling of the motion for new trial upon the ground of newly discovered evidence.

The entry overruling the motion reads that: "This cause now coming on for hearing on the motion of plaintiff for a new trial, the court on consideration overrules the same." It does not appear from the order overruling the motion, as to whether such motion was submitted upon the affidavits of witnesses or upon the testimony of witnesses before the court. However, there are affidavits in the files relating to the subject-matter of newly discovered evidence, but such affidavits are not brought into the record for review, by bill of exceptions.

It is the general rule that affidavits given in evidence on the hearing of a motion are not properly a part of the record and cannot be considered by a reviewing court on error to a decision of the motion unless they are properly brought upon the record by a bill of exceptions, even though they may have been regarded as part of the case. An affidavit filed in support of a motion is not part of the record. 2 O. Jur., 440, 441.

As the affidavits mentioned were not brought upon the record for review by bill of exceptions, and there is nothing in the record from which it is demonstrable that the court erred in overruling the motion for new trial on the ground mentioned, this assignment of error is without merit.

Finding no error in any of the particulars assigned and argued in appellant's brief the judgment will be affirmed at costs of appellant and the cause remanded for execution.

CROW and JACKSON, JJ., concur.