Bailey, Appellee, *v.* Progressive Motor Sales, Inc., et al.,
Appellants.

(No. 8050—Decided October 24, 1955.)

*Mr. Howard P. Shuetts,* for appellee.

*Messrs. Steer, Strauss & Adair* and *Mr. Charles H. Tobias, Jr.,* for appellants.

Ross, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, Ohio. A motion was made in the action filed therein for the dissolution of a temporary restraining order granted by the trial court on the filing of the petition. The trial court refused to grant the motion to dissolve, and the appeal here involved was taken from the judgment denying dissolution.

The petition states a cause of action for the conversion of an automobile and prays for $10,000 damages.

An additional prayer is for a permanent injunction against disposition of the automobile by the defendant, who held a chattel mortgage thereon and had repossessed the automobile. No bill of exceptions has been filed in the trial court.

An amended petition was filed in the trial court *nunc pro tunc* after the notice of appeal was filed.

Several preliminary questions have been raised by oral and written motions in this court.

Does the action of the trial court in refusing to dissolve the temporary restraining order constitute a final order?

It seems now well settled that where the ultimate relief sought is broader than that of injunction, the refusal of the trial court to dissolve a temporary restraining order is an order affecting a substantial right made in a special proceeding. 2 Ohio Jurisprudence (2d), 629, Section 54; Section 2505.02, Revised Code.

The petition states a cause of action for the conversion of an automobile, the property of the plaintiff. The prayer is for $10,000 damages and, also, for a permanent injunction. The application for injunction was ancillary to the main relief sought, damages for conversion. The relief sought, therefore, is broader than mere injunction.

The next question: Can this court consider the merits of the appeal in the absence of a bill of exceptions?

Ordinarily, this court is handicapped in reviewing the action of a trial court upon such motions to dissolve a temporary restraining order where no bill of exceptions, duly filed, is presented. However, where the error of which complaint is made appears in the pleadings and order of the court, a bill of exceptions is not necessary to present the error.

As has been said, the action is in conversion. In effect, this means that the charge is that the defendant has appropriated the property of the plaintiff to its own use. The plaintiff, exercising one of the many options presented by the taking of the plaintiff's property, may elect to ratify the unlawful appropriation of his property and sue for the value thereof at the time of the unlawful appropriation. The plaintiff has so elected. Obviously then, whether the defendant keeps the automobile or disposes of it can be of no concern to the plaintiff, for he

wants to be paid its value at the time of conversion. Therefore, the trial court was in error in restraining disposition of the automobile by the defendant, and was again in error in not dissolving the temporary restraining order unlawfully granted.

The plaintiff filed an amended petition *nunc pro tunc* after the defendant had filed a notice of appeal. The trial court acted upon the petition, and the rule of *nunc pro tunc* may not be employed to cause the record to show that done which was not done earlier and was not even intended to be done. The rule is the same as that applying to entries *nunc pro tunc* of the court. *Caprita* v. *Caprita,* 145 Ohio St., 5, 60 N. E. (2d), 483, 158 A. L. R., 1201.

The amended petition is ignored as to its effect upon the instant questions presented.

Therefore, from the petition and the entries of the trial court, it is apparent that error has intervened, prejudicial to rights of the defendant.

This court has not considered an affidavit filed by the defendant in support of its motion to dissolve the temporary restraining order, for the reason that it is not incorporated in a bill of exceptions. The affidavit in this case was not one required by statute to be filed as a precedent or predicate to judicial action. *Coldren* v. *May,* 72 Ohio App., 484, 52 N. E. (2d), 528; *Willett* v. *New York Central Rd. Co.,* 73 Ohio App., 59, 54 N. E. (2d), 317.

It being apparent from the petition and the entries of the court that the granting of the temporary restraining order was erroneous *ab initio,* the refusal of the court to set aside such erroneous act and grant the motion to dissolve the temporary restraining order constituted reversible error. This court, therefore, reverses the judgment of the trial court, and here grants the motion of the defendant which the trial court should have granted.

*Judgment accordingly.*

HILDEBRANT and MATTHEWS, JJ., concur.