ILLINOIS CENTRAL RAILROAD CO. *v.* FLORA SANFORD.

1. EVIDENCE. *Interrogatories to adverse party. Code 1892, § 1761. Consti-
   tutional law.    Corporations.*

   Code 1892, § 1761, providing for the filing by a litigant of interroga-
   tories, to be answered by the adverse party residing out of the
   state, the answer to be used as evidence, is constitutional.    It ap-
   plies to actions at law, as well as to suits in equity, and a corpora-
   tion can be compelled to answer such interrogatories by its proper
   officer or agent.

2. SAME. *Residence of corporation.    Code 1892, § 1761.*

   The fact that a corporation, created by and having its principal place
   of business in another state, is doing business in this state by legis-
   lative authority, owns property, and employs agents here amena-
   ble to process, does not make it a resident of this state, within the
   meaning of code 1892, § 1761.

FROM the circuit court, first district, of Hinds county.
HON. ROBERT POWELL, Judge.
The facts are stated in the opinion of the court.

*Mayes & Harris,* for appellant.

Section 1761 of the code does not, and in the nature of things cannot, have reference to corporations. The section provides: "If the testimony of a party to a suit who resides out of the state be desired by the adverse party, interrogatories to him may be filed in the clerk's office," etc. It is manifest, we think, that this section can, in the very nature of things, only apply to such parties, natural persons, who, if amenable to the process of court, could be summoned as witnesses and examined as such—such parties as could give testimony. A corporation cannot testify. It cannot be a witness for or against itself. Who could answer these interrogatories and bind the company by the answers made? Shall the president answer them? The manifest answer to this is that the president is not a party to the suit. He is not the corporation. He is not the railroad company. He would be but a witness, subject to cross-examination by the corporation, subject to impeachment and contradiction. There is nothing that would make his answers binding on the company. And so we might go through the entire list of officers and agents, any one of whom might answer the questions as well as another, and, when the answers were made, it is perfectly manifest that the plaintiff would be in a position to say, in any case where he chose, that the proper party had not answered the questions. Who, then, is to answer them? It is manifest that this statute does not apply to corporations.

There is another point, which we think is clearly conclusive, and that is that this railroad company, the defendant here, does not reside out of the state, within the meaning of this statute. It is true, the railroad company, which is operating the road in the state of Mississippi, is a citizen of the state of Illinois, domiciled there, chartered by that state, yet, at the same time, it is present here in the state of Mississippi, doing business, with a line extending from one end of the state to the other; with branches extending east and west; with agents in every county

and town through which its lines pass; holding property in the state of Mississippi, paying taxes in the state, and amenable to the process of the courts; suable here, as any other natural person residing in the state, at all times.     There is very serious doubt as to whether this section of the code is constitutional, and on this point we refer the court to the case of *Hovey* v. *Elliott*, 167 U. S. Rep., 409, in which it was held that the order of a court with full plenary powers as to punishment for contempt, striking an answer from the files and entering a *pro confesso*, would be void for want of due process of law.     In other words, that a party who has come into court has a right to be heard, and that he cannot be deprived of it by striking his pleadings from the files, either as a punishment for contempt or otherwise.     We refer the court to the very interesting opinion in the case, delivered by Mr. Justice White.

*Brame & Alexander*, for appellee.

The Illinois Central Railroad Company is not a citizen or resident of this state.     The proof shows that it is an Illinois corporation, incorporated in the state of Illinois, and having its legal domicile there.     A corporation can only dwell in the place of its creation; it cannot migrate; it does not reside in another state simply because it does business there.     It may do business in other states, but its legal residence is in the state of its creation.     *Shaw* v. *Quincy Mining Co.*, 145 U. S. Rep., 444, and cases there cited; 6 Thompson on Corp., sec. 7881, and cases cited in notes.     It is true that a railroad company, an insurance company, or any other corporation, may, by the laws of a state, be permitted to do business there, and the laws may provide that it can be sued in that state, as has been held many times, but this alone does not make it a corporation of such state. *McCormick Reaper Co.* v. *Walthers*, 134 U. S., 411; *Railroad Co.* v. *Wallace*, 50 Miss., 244.     The statute in question, providing for interrogatories to be answered by a "party" to a suit, includes corporations.     What reason is there for con-

struing this statute so as to make it applicable alone to individuals? To so hold is necessarily to construe the word " party " so as to exclude from the operation of this useful statute all litigants, either as plaintiffs or defendants, that may happen to be incorporated. Corporations are always deemed persons for remedial purposes " when the circumstances in which such corporations are placed are identical with those of natural persons, who are expressly included in the statute, unless there is something in the statute showing a legislative intention to restrict its application to natural persons." 6 Thompson on Corp., sec. 736, and the numerous cases cited in the note. See, also, vol. 2, sec. 11, of the same work, and vol. 4, sec. 5989, and notes. " Corporations are persons within the intendment of statutes, whose provisions can be as easily applied to them as to natural persons." 6 Thompson on Corp., sec. 7900, and authorities there cited.

There is no difficulty, as supposed by opposite counsel, as to who shall answer the interrogatories in case of a corporation. Who will answer to a garnishment? Under §§ 1873, 1874, code of 1880, a defendant in chancery was required to answer fully the allegations of the bill, and it was provided that the answer should be sworn to by the defendant. This was the law of the state from the beginning until, by laws of 1884, p. 71, it was provided that the answer of a corporation should be sworn to by its president, vice president, or general manager, etc. How did we get along all those years with a statute which required the defendant, as a corporation, to answer a bill for discovery? Numerous illustrations might be made to show that the position of counsel is untenable, but we do not consider it necessary to refer to others.

Argued orally by *J. B. Harris*, for appellant, and by *L. Brame* and *C. H. Alexander*, for appellee.

TERRAL, J., delivered the opinion of the court.

Flora Sanford, by next friend, sued the Illinois Central Rail-

road Company, in the sum of two thousand dollars, for breach of duty as common carriers of passengers. She filed her declaration on January 11, 1897, and the defendant pleaded not guilty on the twenty-fourth of the ensuing February. On June 18, 1897, the plaintiff filed fourteen interrogatories, addressed to the Illinois Central Railroad Company, based upon § 1761, code 1892, which is as follows: "If the testimony of a party to the suit, who resides out of the state, be desired by the adverse party, interrogatories to him may be filed in the clerk's office, and a copy thereof, with notice of filing, shall be given the party, or his attorney or solicitor, and if he fail to answer such interrogatories within a reasonable time, his suit shall be dismissed, if he be plaintiff .or complainant; and if he be defendant, his plea or answer may be taken off the file, and judgment by default entered, or the bill be taken as confessed." At the July term of the court the defendant moved to strike said interrogatories from the files, for the reasons (1) said § 1761 does not apply to corporations; (2) the defendant does not reside out of the state of Mississippi; (3) said section does not apply to actions at law; (4) because said section is unconstitutional. The court overruled the motion to strike the interrogatories from the files, and, the defendant refusing to answer them, the plea of the defendant was taken from the files, and a judgment by default was entered against the defendant. The plaintiff having recovered a judgment for two hundred dollars, the defendant brings the case here by appeal, and assigns for error the action of the circuit court in striking this plea from the files, and in entering a judgment by default against it.

1. We are of opinion that § 1761 applies to and includes corporations. · It seems natural and reasonable to suppose that that section should apply in favor of all litigants and against all parties to a suit, whether such parties be natural or artificial persons. It is obvious that a corporation cannot deliver testimony in person, and may not, therefore, literally comply with the statute, yet the business of corporations is conducted by the

agency of officers intrusted with duties assigned them as president, manager, or heads of department, etc., and these officers or heads of department may well speak for the corporation in the matters confided to their management.

2. It was in evidence that the Illinois Central Railroad Company was chartered by the state of Illinois, but was authorized, by an act of the legislature of the state of Mississippi to lease the Chicago, St. Louis & New Orleans Railroad, and to operate the same in this state, and that it accordingly took a four hundred year lease of said last named railroad, and is operating the same with officers and agents, upon whom service of process can be had under the laws of this state.

In *Railroad Co.* v. *Wallace*, 50 Miss., 248, it is said: "Corporations are artificial persons, existing only in contemplation of law. They must dwell in the place of their creation, and cannot migrate to another state." Hence, we think it manifest that the Illinois Central Railroad Company resides out of this state within the contemplation of § 1761.

3. It was a declaration of magna charta that no one should be deprived of a right without being heard in his defense, and this principle is embodied in section 14 of our state constitution, which provides that "no person shall be deprived of life, liberty or property except by due process of law." However wholesome this doctrine is, when applied to courts, and to persons exercising judicial or quasi judicial functions, it has never been supposed that it deprived the legislature of the power of changing the rules of evidence, or of modifying or of abrogating altogether the presumptions indulged by the principles of the common law. If the legislature may provide for a discovery of evidence in the hands of the adversary party touching the rights of the party seeking the discovery, it must be competent for it to impose upon such party the conditions of a failure to make such discovery; for when the legislature requires the discovery to be made, and imposes the conditions of a refusal, such conditions become the law of the land, and to

pursue the statute is due process of law. , *Bagg's case*, cited in *Hovey* v. *Elliott*, 167 U. S., 416.

4. The difference in the verbiage of § 1761 from that of its original in § 1943 of the code of 1880, demonstrates its applicability to actions at law.

*The judgment of the circuit court is affirmed.*

WHITFIELD, J., delivered the following concurring opinion:

It is not intended to say that the appellant is not a resident of this state within the purview and meaning of § 3433, code of 1892, providing for the service of process upon corporations, so as to make corporations domiciled and chartered in other states suable here. That statute relates to the method of acquiring jurisdiction over such corporations here, and holding them to answer here for the purposes of suit, judgment, execution, etc. Such corporations, of course, reside, in a certain sense and for certain purposes, in the state where chartered and domiciled. But operating their lines of railroad here, under license from the state, owning large property interests here, real and personal, protected by our laws, paying property taxes here, they have uniformly been held, within the meaning of § 3433—*quo ad* their property here, and causes of action arising here—residents here *sub modo*, suable here.

But § 1761, code of 1892, is a statute along a wholly different line from § 3433, and enacted for a totally distinct purpose. It relates alone to the method of obtaining testimony; it is a sort of statutory substitute for a bill of discovery, in aid of the suit. A statute for purposes of acquiring jurisdiction, judgment, execution, etc., is a very different thing from a statute for the purpose of getting testimony. And for the latter purpose the corporation—the legal entity—may well be held to be nonresident within the meaning of § 1761. The legal entity, of course, cannot testify. But interrogatories may properly enough be addressed to it, to be referred to and answered by its appropriate agents, within whose knowledge the information

sought may be.    There are hundreds of business corporations, chartered and domiciled elsewhere, doing a large business here, which, it would certainly be admitted, are within the meaning of this statute (§ 1761, nonresident parties), and which, when sued here, by proper service of process here, are within the operation of § 1761, and must answer appropriate interrogatories.    It surely cannot be that a railroad company, chartered and domiciled in another state, becomes, by reason of operating its lines here, owning property, and submitting itself to our laws as to such property, in the sense of this statute relating alone to the procuring of testimony, a resident of this state, so as not to be required to answer proper interrogatories, however true it may be that, within the meaning of § 3433, relating wholly to suability here, it is for that purpose, *quo ad* its property here, and causes of action arising here, a resident of this state.    The differences between the scope and purposes of the two sections— § 1761 and § 3433—make necessary, yet perfectly consistent, the difference of construction.

The statute thus interpreted is constitutional as we apply it. The doctrine of *Hovey* v. *Elliott*, 167 U. S., 416, is in perfect harmony with this view.    That case simply held that the plenary power of punishing for contempt could not be abused by converting it into a means of denying the party in contempt all right to be heard as to the merits of his case before the court. Appellant here was not denied the right to be heard at all.    The statute, § 1761, has no such purpose.    The case has no application here.    The interrogatories must be proper interrogatories, appropriate to the case and relevant to the issue.    The statute is a beneficent one wisely applied, but it should not be abused. The contention here is not as to the relevancy to the issue of the particular interrogatories, but one which denies absolutely the power of the legislature to require any interrogatories to be answered merely because the appellant is a corporation. This contention is too broad, and cannot be maintained.