STEIN v. STEIN et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8758. Decided June 25, 1928.

Middleton, PJ., and Mauck, J., of the 4th Dist., and Lemert, J., of the 5th Dist., sitting.

First Publication of This Opinion.

Syllabus by Editorial Staff.

791. MOTIONS & ORDERS—413 Divorce & Alimony.

Where plaintiff has been decreed alimony for support of children, court may not in absence of plaintiff, and without notice to her of application to that effect, make order reducing the amount.

Error to Common Pleas.

Judgment reversed.

Geo. C. Dissette, Cleveland, for plaintiff in error.

T. C. Brinsmade, Cleveland, for defendant in error.

FULL TEXT.

BY THE COURT:

At the September Term, 1926, of the Court of Common Pleas, Katherine Stein was awarded a decree of divorce from Louis Stein and was decreed alimony for the support of the children of the marriage at the rate of Fifty Dollars per month. In the decree appears an agreement to the effect that the plaintiff in error would remove from the house then occupied by her and owned by Jacob Stein. At the September Term, 1927, Jacob Stein sought to have the plaintiff adjudged in contempt of court for her failure to vacate the property. Thereafter, the Court of Common Pleas, at the September Term, 1927, decreed that the plaintiff should receive Fifteen Dollars per month only for the support of her children unless she vacated the property. The court was without power to make this order. It was made in the absence of the plaintiff in error and without notice to her of any application to that effect, and no application was in fact made.

The situation is governed by the principle laid down in Hetrick v. Wilson, 12 OS. 136.

(Middleton, PJ., Mauck and Lemert, JJ., concur.)