WILLETT, ADMR., APPELLEE, *v.* NEW YORK CENTRAL RD. CO., APPELLANT.

(No. 6326—Decided July 19, 1943.)

. *Messrs. Hoover, Beall & Whitman,* for appellee.
*Mr. Thomas A. McCormack* and *Mr. George C. Heath,* for appellant.

MATTHEWS, J. One of the assignments of error—the second—is that the court erred in overruling defendant's motion for a new trial. One ground alleged in such motion was misconduct on the part of a juror.

This appeal now comes before this court upon the plaintiff's motion to strike the second assignment of error from the files on the ground that it relates "to matters not appearing on the record in this case and therefore not subject to consideration by this court in the absence of a bill of exceptions."

Several affidavits were filed with the motion for a

new trial. They were referred to in the motion which contained the statements that the affidavits were made a part of the motion. The order of the court overruling the motion makes no reference to the affidavits.

Are these affidavits bearing the file mark of the clerk of the court a part of the record in the absence of a bill of exceptions?

It seems clear that the mere filing of certain affidavits with the clerk makes them a part of the record for the intended purpose. Other affidavits, though filed, are not a part of the record, unless made so by a bill of exceptions. Affidavits of the latter sort are the ones that, in most cases, have engaged the attention of the courts. The difference in the effect of the filing seems to result from the original purpose of the filing of such affidavits or the subsequent use sought to be made of them.

This subject is discussed in 4 Corpus Juris Secundum, 1237 *et seq.,* Section 762 (b), as follows:

"As a general rule affidavits are not part of the record proper, being in the nature of evidence, and cannot be considered, even though copied into the transcript or attached to the brief or a petition in error, or even though appearing in connection with the motion, or filed with the papers in the case; they must be presented as part of appeal record in manner required by practice in particular jurisdiction, which is usually by bill of exceptions, statement, settled case, order of court, or, if the proceeding is in equity, by certificate of evidence; and the record must also show that the affidavits were presented to and considered by the court.

"These rules have been applied to affidavits used in support of or on the hearing of an application or motion for a change of venue, for a continuance, for leave to amend, for suppression of depositions, for

judgments on the pleadings and evidence, for a new trial, and for leave to introduce further evidence; an application or motion to vacate an order of dismissal, to set aside or open or impeach a judgment or decree, to set aside or vacate a default, to dismiss a bill of complaint, to set aside or vacate a sheriff's sale, to obtain an injunction or the appointment of a receiver, to sustain or dissolve an injunction, to obtain a writ of replevin, to sustain, discharge, or dissolve an attachment, to discharge a garnishee, to quash a *scire facias* or other process, or to correct the record of an inferior court; affidavits in support of objections to jurisdiction, affidavits of jurors introduced to impeach their verdict, affidavits to impeach an award of arbitrators, affidavits apparently used on the hearing of a mandamus proceeding, and affidavits filed in an intermediate court.

"It has been held that the court cannot consider such affidavits, although attached to, or contained in, the transcript and certified by the clerk.

"*Limitations of general rule.* While the general rule, as has just been stated, is one of the fundamental doctrines of appellate procedure, and, as appears from the host of citations, has been laid down in cases almost innumerable, yet there are certain well founded exceptions. Thus, where by statute or by order of court founded on statute an affidavit, in certain cases, is made a part of the record proper, it need not be brought up by bill of exceptions. It has been held that an affidavit filed with the clerk as a basis on which process is to be issued ministerially by him is, like an affidavit for publication, a part of the proceedings in the case and a part of the record proper, and likewise, that when an affidavit stands in place of a pleading, it is properly brought up by the record, and in chancery affidavits used on the hearing may form part of the

record, and also affidavits recited in the judgment of the court below and thus appearing of record "

See, also, 3 American Jurisprudence, 224, Section 592.

Most of the Ohio cases brought to our attention involved affidavits which were not upon filing, *ipso facto*, parts of the record. *Sleet* v. *Williams,* 21 Ohio St., 82; *Garner* v. *White,* 23 Ohio St., 192; *Goldsmith* v. *State,* 30 Ohio St., 208; *Schultz* v. *State,* 32 Ohio St., 276; *Long* v. *Cassiero,* 105 Ohio St., 123, 136 N. E., 888; *Montgomery* v. *State,* 12 C. C., 679, 4 C. D., 199; *Workman* v. *Green Cab Co.,* 29 Ohio App., 349, 163 N. E., 506; *Simes* v. *Dayton-Xenia Ry. Co.,* 24 Ohio Law Abs., 595, 36 N. E. (2d), 517. Some of these cases involved both kinds of affidavits, and the court either expressly or impliedly recognized the distinction between them.

Without attempting to catalogue all types of affidavits, it seems safe to say that the general rule is that whenever the sole office or purpose of the affirmations contained in an affidavit is to prove or disprove an issue of fact, such affidavit falls within the rule that evidence is no part of the record unless made so by a bill of exceptions.

Where, however, such affidavit serves some other purpose, such as an affidavit for publication, an affidavit to secure the issuance of an attachment, or some other process by the clerk, or where it takes the place of a pleading, it is a part of the record for what it purports to be, regardless of the truth of its affirmations.

And, of course, no matter what the nature of the document, whether the filing is authorized by law or not, the record will disclose to a reviewing court that it had been filed. If the mere fact of filing and the contents, regardless of the truth, are all that are necessary for the reviewing court to know to decide the is-

sue, no bill of exceptions is necessary. The record described in Section 11607, General Code, duly certified, imports with absolute verity that it is the record in the case as made by the clerk, but it does not prove the truth of the assertions of parties and witnesses in the pleadings, affidavits etc., although the findings and judgment based thereon are *res judicata* and may not be collaterally attacked. And it does not prove that what is contained in the record, so certified, is rightfully there. That depends on the law.

The use of affidavits or motions for new trials is authorized by Section 11579, General Code. It provides:

"The application must be made by motion, upon written grounds, filed at the time of making the motion; the causes enumerated in subdivisions two, three and seven, hereinbefore enumerated, must be sustained by affidavits or depositions, showing their truth, and may be controverted by affidavits or depositions, and for this purpose depositions may also be taken in the county where the action is pending."

In the absence of this section, proof of misconduct of jurors could only be established in the same manner as any other issue of fact, *i. e.*, upon notice and an opportunity to cross-examine. By this section, a different method of proof is permitted, but the purpose is, as stated in the section, to show the truth of the averment in the motion for a new trial, which is deemed denied, and may be controverted by counter-affidavits.

It is thus seen that the only purpose that could have been served by these affidavits was to prove the truth of the charge of misconduct. In other words, they were a means of proof to be used at a hearing of the issue to which they were relevant. While it has long been the practice to file such affidavits with the clerk, there is no law requiring or even authorizing their filing. The most the filing does is to give the

adverse party an opportunity to inspect them before the hearing, to be advised of their contents and to traverse them by counter-affidavits.

Attaching the affidavits to the motion and making them a part of it could not add anything to their legal status.

In the absence of a bill of exceptions, the reviewing court does not know and cannot know whether these affidavits were brought to the attention of the court at the hearing, that is, offered in evidence, or whether they constituted all the evidence before the court at such hearing.

In order for this reviewing court to decide the issue of whether the court should have granted a new trial, because of misconduct of the jurors, it must know more than that affidavits were filed. It must know the contents of the affidavits that were offered in evidence at the hearing, and what, if any, other evidence was introduced. It could know that only by the certificate of the trial judge.

For these reasons, the court holds that these affidavits cannot be used in determining the truth of the charges of misconduct of the jurors, and, as there is no bill of exceptions, this court cannot consider any assignment of error predicated upon issues of fact.

The appeal is retained and the cause set for hearing as to any assignment of error apparent upon the record, in the absence of a bill of exceptions

*Motion sustained*

Ross, P. J., and HILDEBRANT, J., concur.