E. W. Bohren, Inc., Appellant, *v.* Dangler, Appellee.

(No. 107—Decided March 11, 1954.)

*Mr. Wilmer D. Rekeweg,* for appellant.

*Mr. Paul Spriggs* and *Mr. J. F. Cavanaugh,* for appellee.

Guernsey, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Paulding County, Ohio, in an action wherein the appellant, E. W. Bohren, Inc., was plaintiff and the appellee, Seth E. Dangler, was defendant.

The action is one to recover for damages alleged to have been sustained by a motor truck owned by plaintiff and operated by an employee of plaintiff, in a collision with a farm tractor owned by defendant and operated by one Arthur Yocum, Jr., a minor and agent and servant of the defendant, caused by the negligence of Arthur Yocum, Jr.

The cause was tried to a jury in the Common Pleas Court. At the close of plaintiff's evidence, the court, on motion of the defendant, directed a verdict in favor of the defendant and against the plaintiff upon the ground that there was no evidence tending to prove that Arthur Yocum, Jr., the operator of the farm tractor at the time of the collision, was operating the same in the capacity of a servant or agent for the defendant.

The jury returned a verdict accordingly, and a judgment in favor of defendant and against plaintiff dismissing plaintiff's petition was duly entered upon said verdict. That is the judgment from which this appeal is taken.

The plaintiff assigns error in a number of particulars which may be summarized as follows:

1. Said verdict is contrary to law in that there is evidence tending to prove that Arthur Yocum, Jr., at the time of the collision, was operating said farm tractor owned by the defendant, in the capacity of an agent or servant of the defendant.

2. Said verdict is against the weight of the evidence.

3. For other errors of law appearing upon the record.

4. In overruling motion for new trial based upon the ground of newly discovered evidence material to plaintiff's case which plaintiff could not, with reasonable diligence, have discovered and produced at the trial.

These assignments of error will be considered in the order above mentioned.

The plaintiff, in its brief in chief, has not specifically quoted, mentioned or .pointed out any evidence of any character tending to prove that Arthur Yocum, Jr., at the time of the collision was operating the farm tractor owned by the defendant, in the capacity of agent or servant of the defendant, but in its oral argument in the cause, and in its reply brief, it called the court's attention to the testimony of Billie Gillen, given on direct examination by the plaintiff, relied upon by it as tending to prove such capacity, to wit:

"Q. Did you see Mr. Dangler at that time, that day? A. Yes, sir.

"Q. And can you tell us what conversation, if any, that you had with Mr. Dangler?  A. Well, he accused me of several things, but to be exact, no I couldn't. I know he accused me of hitting the tractor, which I didn't.

"Q. Did he accuse you of speeding, as he stated here?  A. Yes, he did.

"Q. Did he tell you you would owe him for the damage to the tractor?  A. No.

"Q. Did he tell you who junior Yocum was working for?  A. Yes, sir.

"Q. And who did he say junior Yocum was working for?  A. He didn't say junior Yocum was working for him.

"Q. He didn't say.  A. No, junior Yocum said he was working for this man here.

"Q. Was Mr. Dangler present at that time when that statement was made?

"Mr. Cavanaugh: I ask that the conversation be struck out; this conversation; that is merely hearsay.

"The Court: The request, if that conversation was in the absence of Mr. Dangler, it is not proper testimony, and it will be ordered stricken and the jury will be asked at this time to disregard it. Any testimony, or any conversation in the presence of Mr. Dangler is

competent, but not in his absence, and for that reason, you are not to consider it as evidence in this case; what junior Yocum said to this witness in the absence of Mr. Dangler.''

A statement by a witness, of the character of that made by Yocum, Jr., as to his employment by the defendant, is admissible in evidence only in the event that it is made in the presence of the party against whom the statement is offered in evidence and in a conversation in which he took part. See 20 American Jurisprudence, 467, Evidence, Section 555, and 17 Ohio Jurisprudence, 287, Evidence, Section 218.

The quoted testimony tends to prove that Yocum, Jr., made the statement as to his employment above mentioned but does not tend to prove that it was made in the presence of the defendant and in a conversation in which he took part, and it was incumbent upon the plaintiff to produce evidence tending to prove these facts in order to make the testimony of the witness as to such statement of Yocum, Jr., admissible in evidence.

The above-quoted instruction given by the court had the effect of excluding the testimony of the witness as to Yocum's statement of his employment from the consideration of the jury, and the defendant did not proffer the answer the witness would have made to the question, ''Was Mr. Dangler present at that time when that statement was made?,'' if he had been permitted to answer the same. The witness may have answered the question either ''yes'' or ''no.'' In this situation, this court, as a reviewing court, is unable to determine whether the trial court erred to the prejudice of plaintiff mentioned, and it is interesting to note that the plaintiff did not assign error in such ruling or take any exception or make any objection thereto.

The situation above disclosed comes within the rule

stated in 2 Ohio Jurisprudence, Pt. 1, 339, Appellate Review, Section 169, as follows:

"A reviewing court will not review alleged error in the exclusion of evidence when no objection has been noted in the ruling of the trial judge excluding it. Furthermore, where evidence offered in chief is excluded, the party offering it must show what he expects to prove by the witness in order to enable the reviewing court to see if there has been error on account of the refusal of the court to receive the evidence."

The testimony above mentioned having been excluded by the court, and the plaintiff neither offering any testimony nor making any proffer thereof tending to show that the defendant was present and took part in the conversation at which the statement of Yocum, Jr., as to his employment was made, it does not appear from the record that the court erred in the exclusion thereof. This being the case, this court cannot consider such testimony in determining whether there was any testimony tending to prove the employment of Arthur Yocum, Jr., by the defendant.

On a careful reading of the bill of exceptions, we find no evidence tending to prove that Arthur Yocum, Jr., was an agent or servant of the defendant at the time the collision occurred.

For the reasons above mentioned we find that the first assignment of error is without merit.

2. In order for the plaintiff to recover from the defendant upon the cause of action pleaded in its petition, it was incumbent upon plaintiff to prove that Arthur Yocum, Jr., was the servant or agent of the defendant, acting within the scope of his employment at the time the collision occurred, and without this proof the plaintiff could not recover. As above stated, the plaintiff did not produce such proof and the verdict of the jury is therefore not against the weight of the evidence.

The second assignment of error is without merit.

3. Under this assignment of error the appellant does not specify or argue in its brief any claimed errors coming within its scope, and this court, in the exercise of its statutory prerogative, will not consider this assignment.

4. Plaintiff's motion for a new trial is based on six stated grounds. All these grounds are incorporated in its assignment of errors. We have already considered and discussed all the grounds except the one we have designated as assignment of error No. 4.

A motion for new trial upon the ground of newly discovered evidence is governed by the provisions of Sections 11576 and 11579, General Code. Section 11576, among other things, provides that a new trial may be granted upon the ground of newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial. Section 11579, among other things, prescribes that the application must be made by motion, upon written grounds, and, if the ground of the motion is newly discovered evidence, it must be sustained by affidavits or depositions showing the truth of such ground.

It has been held that the issue raised by the motion may, upon notice to the opposing party, be heard upon oral evidence in the same manner as issues in causes are tried. *Willett, Admr.,* v. *New York Central Rd. Co.,* 73 Ohio App., 59, 54 N. E. (2d), 317.

In the instant case, the original motion and the journal entry overruling the same appear in the transcripts of original papers and journal entries and these are the only papers or documents before the court in any way reflecting upon the motion for a new trial.

Apparently no affidavit or affidavits were offered in support of the motion, as prescribed in Section 11579, General Code, and no oral testimony was introduced upon the issue raised by the motion.

As the appellant claimed error in the overruling of the motion it was incumbent upon it, in order that the record of the cause on appeal should affirmatively show the claimed error of the trial court, to have a bill of exceptions of the proceedings of the trial court upon the motion, incorporating any affidavits and oral evidence submitted upon the hearing of the motion, prepared and filed in and allowed by the Common Pleas Court and then filed in this court. In the absence of such a bill of exceptions, and there is none filed in this cause, no error in the particular assigned affirmatively appears of record. *Willett, Admr., v. New York Central Rd. Co., supra.*

This assignment of error is without merit.

As we find no prejudicial error in any of the particulars assigned and specified and argued in appellant's brief, the judgment of the Common Pleas Court is affirmed at costs of appellant, and the cause remanded for execution.

*Judgment affirmed.*

YOUNGER, P. J., and MIDDLETON, J., concur.