SMITH, ADMX., ET, PLAINTIFF-APPELLANT, *v.* SANOR ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Mahoning County.

No. 4288. Decided March 26, 1963.

246

*Messrs. Rager, Forrester, Kovanda & Lord*, for plaintiff-appellant.

*Mr. William E. Pfau, Jr.*, for defendants-appellees.

BROWN, J. The action below was for wrongful death and pain and suffering alleged to have resulted from the negligence of the defendants. Defendants answered denying generally the allegations of the petition, and thereafter took and filed with the court the deposition of the plaintiff, the administratrix and surviving spouse of the decedent. Defendant thereafter filed a motion for summary judgment which, upon hearing, was sustained. From this judgment plaintiff appealed.

No bill of exceptions was filed by the appellant, who in claiming error asserts that the trial court abused its discretion in granting the motion for summary judgment. The trial court had before it at the time of passing upon the motion, the pleadings and the deposition of the plaintiff taken by the defendants and filed in the Common Pleas Court.

In the absence of a bill of exceptions the deposition filed with the clerk and considered by the trial court is not before this court. *Willett, Admr.* v. *New York Central Rd. Co.*, 73 Ohio App., 59.

On the pleadings there appear to be questions of fact which would require trial on the merits and prevent summary judgment. The trial court, however, on the basis of the deposition of the plaintiff and upon matters which occurred at the hearing on the motion for summary judgment must have concluded that

there was no genuine issue as to any material fact before granting summary judgment. In the absence of a bill of exceptions we must assume the trial court did so correctly. *Allstate Insurance Co.* v. *Dye,* 113 Ohio App., 90.

DONAHUE, P. J., and FRANCE, J., concur.