INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA ET AL., APPELLANTS, *v.* PERKINS ET AL., APPELLEES.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA ET AL., APPELLANTS, *v.* SCHUH ET AL., APPELLEES.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA ET AL., APPELLANTS, *v.* WEINGARTNER ET AL., APPELLEES.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA ET AL., APPELLANTS, *v.* LUKEN ET AL., APPELLEES.

(Nos. 9234, 9235, 9236 and 9237—Decided June 12, 1963.)

*Mr. Robert A. Wilson, Mr. David Previant, Mr. Cedric Vogel* and *Mr. Herbert S. Thatcher,* for appellants.
*Mr. Bernard C. Fox* and *Mr. James C. Paradise,* for appellees.

HOVER, P. J. These four cases are before the court as appeals on questions of law and are identical as to the issue raised. The sole issue is whether or not the court below erred in overruling plaintiffs' motions for summary judgment and entering final judgments after plaintiffs chose not to proceed further in that court.

The matter was heard here upon the pleadings, transcripts of the docket, journal entries and other papers from the court

below, and the briefs and arguments of counsel. There are no bills of exceptions, although the transcripts below contain numerous affidavits and other filings both pro and con pertaining to the motions for summary judgment. In the absence of a bill of exceptions, this court cannot consider the evidence offered in the court below relative to the motion for judgment. *Allstate Insurance Co.* v. *Dye*, 113 Ohio App., 90; *Acosta* v. *Echt*, 117 Ohio App., 178. In commenting on this case, one of the authorities cited contra by appellants, Robert L. Wills, later had this to say:

"The opinion of the Court of Appeals also illustrates the importance of a bill of exceptions to a party against whom summary judgment has been rendered. The writer personally hopes that affidavits, depositions, etc., which are filed in support of and in opposition to a motion for summary judgment, would be considered as 'original papers' and as therefore part of the original record. However, a litigant who is appealing from a summary judgment should avoid any question by having these papers incorporated into a bill of exceptions, which should contain a certification that it contains all the evidence submitted on the motion for summary judgment." (34 Ohio Bar, No. 44, 1207, 1210.)

As indicated, it is through the medium of a bill of exceptions that the court is assured that the record before it contains all the evidence submitted on the motion and that all the material filed relative to the motion was actually before the court.

On the basis of the pleadings and transcript it is obvious that triable issues of fact exist. Therefore, on the basis of the record actually before it, this court must affirm the court below on the motion and on the judgment of dismissal resulting from plaintiffs' refusal to proceed further in that court. Under the circumstances, it is not necessary for this court to consider or decide other alleged procedural objections to this appeal.

The judgment of the court below is affirmed for the reasons stated.

*Judgments affirmed.*

Hildebrant and Long, JJ., concur.