RUKAVINA, APPELLANT, *v.* THE NEW YORK CENTRAL RAILROAD CO., APPELLEE.

[Cite as Rukavina v. N. Y. Cent. Rd. Co., 1 Ohio App. 2d 48.]

49

(No. 5804—Decided March 30, 1964.)

*Messrs. Brady, Whitehead, Simmons, Metzger & Hamilton* and *Mr. Lowell Mason,* for appellant.

*Messrs. Doyle, Lewis & Warner* and *Mr. George J. Gould,* for appellee.

SMITH, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Lucas County, granting a motion of defendant, appellee herein, for summary judgment in its favor.   The petition of plaintiff, appellant herein, filed August 11, 1960, and the answer of defendant, consisting largely of a general denial, joined issues on the claim of plaintiff for damages for personal injuries brought under the provisions of the Federal Employers' Liability Act.   The parties

are hereinafter referred to as plaintiff and defendant as they stood in the trial court.

Beginning April 16, 1962, and continuing to October 21, 1963, various dates were set by the court for trial. On May 2, 1963, plaintiff filed interrogatories to be answered by defendant, to which a demurrer was filed by defendant on May 9, 1963. The defendant, on August 28, 1963, filed its motion for summary judgment. Thereafter, on September 12, 1963, the demurrer to the interrogatories was sustained. Plaintiff, on September 10, 1963, filed a motion to vacate the trial date heretofore assigned for September 9, 1963, and on August 30, 1963, the court ordered the trial or dismissal on the date of October 21, 1963.

Plaintiff filed a motion on September 12, 1963, for leave to file further interrogatories. On the same date of September 12, 1963, the demurrer of the defendant to the interrogatories filed on May 2, 1963, was sustained. On October 10, 1963, plaintiff again moved the court to vacate the trial date of October 21, 1963, and to assign a later trial date.

The Common Pleas Court brought the case to a sweeping conclusion on November 21, 1963, by overruling the motion of plaintiff for leave to file further interrogatories and for a new trial date and also granted defendant's motion for summary judgment in its favor.

Plaintiff makes the following assignments of error.

1. The order of the trial court sustaining defendant's demurrer to plaintiff's interrogatories.

2. The order of the trial court overruling plaintiff's motion for leave to file new interrogatories.

3. The trial court erred in failing to hold a hearing on defendant's motion for summary judgment.

4. The order of the trial court sustaining defendant's motion for summary judgment.

Plaintiff has not filed a bill of exceptions herein and this court must determine whether any errors assigned or demonstrated on the face of the record are disclosed by the transcript of the docket, journal entries and original papers filed in this court.

We will consider at the outset assignments of errors Nos. 3 and 4 together.

The law has been definitely settled of recent date that an

appellate court cannot consider in the absence of a bill of exceptions an error assigned to the order of the trial court granting a motion for summary judgment pursuant to Section 2311.041, Revised Code, where, as in this case, affidavits have been filed by the parties in support of and contra the motion. *Allstate Ins. Co.* v. *Dye* (1960), 113 Ohio App., 90; *Acosta* v. *Echt* (1962), 117 Ohio App., 178; *City of Parma Heights* v. *Schroeder*, 93 Ohio Law Abs., 247; *Willett, Admr.,* v. *N. Y. C. Rd. Co.*, 73 Ohio App., 59. Therefore the assignment of error No. 4 is not well taken and especially when we consider assignment of error No. 3 which raises the question of the requisite notice and a hearing of the motion for summary judgment.

The pertinent part of Section 2311.041, Revised Code, provides:

"(B) The hearing on a motion for a summary judgment shall not be less than ten days after the date of the filing thereof. Notice of the filing and the date of the hearing of such motion shall be given by certified or registered mail, or personally, to the opposing party or his counsel of record at least five days prior to the hearing, unless waived."

This court in *Bowlds* v. *Smith*, 114 Ohio App., 21, 28, commenting on the legitimate use of such motion said:

"Among the warnings is that it is a drastic innovation and should be used with caution and confined to the strict limitation of the language of the statute and without impingement on the constitutional right of due process and trial by jury."

The statute prescribes the mandatory steps of giving notice of the filing of the motion as well as the date of the hearing thereof which clearly means that the court fixes a date upon which there shall be a hearing on the motion. The record before us does not show that plaintiff had notice of hearing on the motion or that the court in this case fixed a date for the hearing on the motion, and its journal entry by the language thereof does not recite such notice.

The order of the trial court on November 21, 1963, appears in an omnibus journal entry covering decisions on three motions. With reference to the decision on the motion for summary judgment the following pertinent language appears:

"* * * further coming on to be heard on the motion of defendant for summary judgment, the court after due considera-

tion of said motions, briefs of counsel filed in support of and opposed to defendant's motion for summary judgment finds * * * that the motion of defendant for summary judgment is well taken and should be granted.''

Such language is followed by the order:

''* * * defendant's motion for summary judgment is granted.''

We are of the opinion that this reviewing court may indulge in a presumption upon the record herein without a bill of exceptions, that a state of facts was before the trial court to support its judgment as being on notice and hearing as prescribed by Section 2311.041, Revised Code, and where the existence thereof is not negatived by findings incorporated in the journal entry. *Suez Co.* v. *Young, Admr.*, 118 Ohio App., 415, 417; *McManus* v. *Buskirk*, 176 Ohio St., 75, 77. We are not unmindful of the cases of *Hettrick* v. *Wilson*, 12 Ohio St., 136, 139; *Warrington & Gibson* v. *Upham Mfg. Co.*, 18 C. C., 311; and *Stein* v. *Stein*, 6 Ohio Law Abs., 501. In the *Warrington case* the court had before it the question of notice on motion under the statute then in effect to correct mistakes or omissions of the clerk or irregularity in obtaining an order of judgment. With reference to notice of a hearing on the motion it is said in the opinion on pages 313 and 314, to wit:

''But the journal entry in this case is silent on that subject. It is silent on the subject of notice, and there is nothing in that entry to show that the party waived the notice by appearance or otherwise.

''Counsel have cited us to the case in 12 Ohio St., 136, which, we think, is decisive of the question.

'' 'Where a final judgment in a case has been rendered by the Court of Common Pleas, it is error for the same court to vacate such judgment at a subsequent term on the motion of one of the parties without notice to the other party or his attorney. Where the record is wholly silent in regard to such notice and no waiver is shown by appearance, no presumption of notice can be admitted to prevent the direct impeachment of the order vacating the prior judgment.' ''

See *Wheaton Lumber Co., Inc.,* v. *Metz*, 229 Md., 78, 181 A. (2d), 666.

Consonant with the specific provisions of Section 2311.041,

Revised Code, as to notice of hearing of the motion upon a time fixed by the court, an admonition is warranted that good, if not proper, practice should be observed by incorporating in the journal entry findings that such notice had been given.

Notwithstanding the above authorities with reference to such notice and their application to the case at bar, it was conceded on argument by counsel for both parties that counsel for plaintiff approved in writing the journal entry which did not include any findings as to giving of notice of hearing on the motion and the date thereof and hence it can be concluded that the plaintiff waived the provision of the statute as to such notice and date of hearing. Thus the assignment of error No. 3 is not well taken.

Assignment of error No. 1 is directed to the order of the court in sustaining defendant's demurrer to plaintiff's interrogatories which must be considered as filed under Section 2317.07, Revised Code. *McCoy* v. *Buckeye Steamship Co.*, 161 N. E. (2d), 245; *Olenik* v. *Calo, a Minor*, 158 N. E. (2d), 574. We have examined the numerous interrogatories and conclude that on the whole they are pertinent to the allegations of the petition and "as if under cross-examination."

Counsel for defendant argue that the interrogatories were directed only to the defendant corporation, not to any officer thereof, and therefore not in compliance with the statute and that the defendant corporation was not required to answer the same. We adopt the reasoning in the case of *Carter* v. *Enquirer Co.*, 8 N. P., 319, in its construction of the then Section 5099, Revised Statutes, providing for interrogatories, wherein it is held:

"The remedy for failure to answer provided for in Section 5101 was a part of original Section 105, and one of the penalties was by attachment against a contumacious party.

"This remedy, of course, could not apply to the corporation itself, and, in order to make this remedy as effectual against corporations as individuals, an election or choice was given to the interrogating party to select any officer of the corporation whom he could require to make answer. Any other construction of this section would deprive a party, where the very nature of the case would show the information sought to be in the possession of the corporation from the chief down to answer the ques-

tions, and that would be so impracticable that it surely was not the intention of the legislature to enact such a rule. That it is entirely feasible and practicable to address interrogatories to the corporation itself and procure answers thereto is well sustained in the well considered cases of *Blair* v. *Sioux City R. R.*, 73 N. W., 1053, and *I. C. R. R.* v. *Sandford*, 75 Miss., 862."

It is apparent that generally the information sought by the interrogatories in the instant case is in the possession of at least one, if not all, of the officers of the corporation.

It should be noted further that the error of the court in granting the demurrer to the interrogatories filed by the plaintiff has a direct bearing upon the consideration by the trial court of the motion for summary judgment. The purpose of the interrogatories, a discovery proceeding, is to elicit information upon the facts of the case and the questions and answers to such interrogatories (prevented by the sustaining of the demurrer in this case) are to be considered by the trial court upon the hearing on the motion for summary judgment. *Champlin* v. *Oklahoma Furniture Mfg. Co.*, 269 F. (2d), 918, 74 A. L. R. (2d), 978. The quintessence of the motion for summary judgment is the determination by the court whether an issue of fact exists, not what the facts are. *United States* v. *Curtiss Aeroplane Co.*, 147 F. (2d), 639; *American Optical Co.* v. *New Jersey Optical Co.*, 58 F. Supp., 601; *Fisher, Admr.*, v. *Sun Underwriters Ins. Co. of N. Y.*, 55 R. I., 175, 179 A., 702, 103 A. L. R., 1097; *Parmelee* v. *Chicago Eye Shield Co.*, 157 F. (2d), 582, 168 A. L. R., 1130; *California Lettuce Growers, Inc.*, v. *Union Sugar Co.*, 45 Cal. (2d), 474, 289 P. (2d), 785, 49 A. L. R. (2d), 496; *Bowlds* v. *Smith*, 114 Ohio App., 21. The burden of establishing that the material facts are not in dispute and that no genuine issue of fact exists is on the party moving for summary judgment. *Hamlin* v. *McAlpin Co.*, 175 Ohio St., 517. Hence the order granting demurrer to the interrogatories was prejudicial to the plaintiff on the hearing on the motion for summary judgment.

Furthermore the appellate court, upon the consideration of error predicated on the granting of a motion for summary judgment under the provisions of Section 2311.041, Revised Code, can consider interrogatories filed in the case without the same being incorporated in a bill of exceptions. This was clearly stated in *Allstate Ins. Co.* v. *Dye*, 113 Ohio App., 90, as follows:

"Questions of error in this case must be determined from the uncontroverted allegations of the pleadings and the answers to the interrogatories, since a bill of exceptions was not filed."

The second assignment of error that the trial court erred in overruling plaintiff's motion for leave to file new interrogatories directed to the defendant is not well taken. It appears that the trial court without prejudice to plaintiff could exercise its sound discretion in denying the motion when it appears that the case had been set for a definite day for trial on September 9, 1963, after the case had been pending since August 11, 1960, and the plaintiff had moved for a vacation of the order setting the case for trial.

Finally it is concluded that assignment of error No. 1 is well taken and assignments of error Nos. 2, 3 and 4 are not well taken and the judgment of the Common Pleas Court is reversed and the cause is remanded thereto for further proceedings according to law.

*Judgment reversed.*

DEEDS and FESS, JJ., concur.

(Decided May 4, 1964.)

ON MOTION for certification.

SMITH, J. Following the announced decision of this court of March 30, 1964, on April 20, 1964, on application of defendant for reconsideration thereof, the court adhered to its decision and overruled said application. We held that the sustaining of a demurrer by the trial court to the interrogatories of plaintiff was reversible error where the questions propounded were pertinent to the issues made on the pleadings, and the consideration of same does not require it to be made a part of a bill of exceptions, citing *Allstate Ins. Co.* v. *Dye* (1960), 113 Ohio App., 90. Since that decision, the Supreme Court of Ohio in *Smith* v. *Diamond Milk Products, Inc.,* 176 Ohio St., 143, upon certification of the *Dye* case as in conflict with the decision of the Court of Appeals of the Tenth Appellate District, in effect affirmed the decision in the *Dye case.*

Defendant has further filed a motion for an order of this court certifying the record herein to the Supreme Court of Ohio for the reason that the judgment is in conflict with the

judgment pronounced on the same question by the Court of Appeals of the Eighth Appellate District, in the case of *Joyce v. Union Carbide & Carbon Corp.* (1961), 114 Ohio App., 51.

We do not find a conflict warranting such certification. It is held in the *Joyce case* that the appellate court cannot consider the legal sufficiency of the evidence relied upon by the trial court in sustaining defendant's motion to strike plaintiff's interrogatories where such evidence is not made a part of the bill of exceptions. In that case, evidence was submitted and taken on the motion as authorized under the Code. In the case at bar we are dealing with a demurrer and an order sustaining the same to interrogatories of the plaintiff and, of course, there is no indication in the record that any evidence was taken thereon, and, furthermore, evidence is not prescribed or appropriate on a demurrer to interrogatories since the demurrer is detemined on the allegations of the petition and the interrogatories as pertinent thereto.

In the *Joyce case* in the opinion on page 54, it is said:

"Under the first assignment of error, the plaintiff claims that the court committed prejudicial error in sustaining defendant's motion, filed on June 24, 1960, to strike the interrogatories filed by Edward W. Joyce. We can not consider the legal sufficiency of the evidence relied upon by the trial court in sustaining defendant's motion to strike plaintiff's interrogatories, where such evidence is not made a part of the bill of exceptions. An examination of the bill of exceptions shows no record containing such evidence. See *Allstate Ins. Co.* v. *Dye*, 113 Ohio App., 90, decided by this court December 15, 1960."

In certifying a conflict in *Smith* v. *Diamond Milk Products, Inc.,* 176 Ohio St., 143, the Court of Appeals for Franklin County, in addition to *Allstate Ins. Co.* v. *Dye, supra,* noted *Acosta* v. *Echt* (1962), 117 Ohio App., 178, and obviously for the reason that the *Acosta case* cited, relied on and approved the *Allstate case* which held that interrogatories may be considered by the appellate court without being made a part of a bill of exceptions.

The motion to certify a conflict with the *Joyce case* is, therefore, overruled.

*Motion overruled,*

DEEDS and FESS, JJ., concur.